PEOPLE v CORTEZ

Docket No. 164949. Submitted June 8, 1994, at Detroit. Decided July 6, 1994, at 9:15 A.M.

Michael J. Cortez pleaded guilty in the Saginaw Circuit Court, Leopold P. Borrello, J., of intentional discharge of a firearm from a motor vehicle, carrying a concealed pistol in a motor vehicle, and possession of a firearm during the commission of a felony and was sentenced to concurrent prison terms for the convictions of intentional discharge of a firearm and carrying a concealed weapon, those sentences to run consecutively to a two-year sentence for the felony-firearm conviction. The defendant appealed.

The Court of Appeals *held:*

1. Because the statute prohibiting the intentional discharge of a firearm from a motor vehicle and the statute prohibiting the carrying of a concealed pistol in a motor vehicle address distinct social norms, the Legislature intended to prevent separate types of conduct by the enactment of separate statutes for the crimes. Accordingly, multiple punishment was intended, and a conviction of each of the crimes, even though arising out of a single incident, do not abridge the constitutional prohibition against double jeopardy.

2. Because a person cannot be guilty of felony-firearm if the underlying felony is carrying a concealed weapon, only the sentence for intentional discharge of a firearm from a motor vehicle should run consecutively to the sentence for felony-firearm. The sentences must be modified accordingly.

Affirmed as modified.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Michael D. Thomas,* Prosecuting Attorney, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Jeanice Dagher-Margosian,* for the defendant.

Before: MICHAEL J. KELLY, P.J., and FITZGERALD and CORRIGAN, JJ.

PER CURIAM. Defendant pleaded guilty of intentional discharge of a firearm from a motor vehicle (IDFMV), MCL 750.234a; MSA 28.431(1), carrying a concealed pistol in a motor vehicle (CCW), MCL 750.227(2); MSA 28.424(2), and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). The trial court sentenced defendant to concurrent prison terms of 1½ to 4 years for the IDFMV conviction and 1½ to 5 years for the CCW conviction. These terms were to run consecutively to a two-year mandatory term for the felony-firearm conviction. Defendant appeals as of right.

These charges all arose out of a single shooting incident. Defendant argues that his conviction of both IDFMV and CCW violates the Double Jeopardy Clauses of the United States and Michigan Constitutions.[1] We disagree. In cases involving sentences for the same offense under different statutory provisions, this Court must determine whether the Legislature intended multiple punishment. *People v Robideaux,* 419 Mich 458, 485; 355 NW2d 592 (1984); *People v Kaczorowski,* 190 Mich App 165, 169; 475 NW2d 861 (1991). "[S]tatutes prohibiting conduct that violates distinct social norms can generally be viewed as separate and as permitting multiple punishment. The key is to identify the type of harm or conduct the Legislature intended to prevent." *Id.,* citation omitted. This Court cannot apply the "factual identity" test advocated by defendant, set forth in *People v Jankowski,* 408 Mich 79, 86; 289 NW2d 674 (1980), and rejected by the Supreme Court in *Robideaux, supra,* and *People v Wakeford,* 418 Mich 95; 341 NW2d 68 (1983).

The IDFMV statute provides in relevant part: "[A]n individual who intentionally discharges a firearm from a motor vehicle . . . in such a man-

---

[1] US Const, Am V; Const 1963, art 1, § 15.

ner as to endanger the safety of another individual is guilty of a felony . . . ." MCL 750.234a; MSA 28.431(1). The ccw provision at issue here reads as follows: "A person shall not carry a pistol concealed on or about his or her person, or, whether concealed or otherwise, in a vehicle operated or occupied by the person . . . without a license to carry the pistol as provided by law . . . ." MCL 750.227(2); MSA 28.424(2).

We believe the IDFMV and ccw statutes address different social norms. The ccw statute is designed to prevent the carrying of unlicensed pistols in motor vehicles. It recognizes the facility of motor vehicles for concealing and transporting arms. On the other hand, the IDFMV statute is directed against the firing of a weapon from the vehicle. It addresses the particular danger posed by shootings in which rapid flight is possible for the shooter. Also relevant to the analysis is the fact that the sanction for the carrying of a concealed weapon is greater (five years or $2,500) than that for shooting the weapon (four years or $2,000, or both).

Another helpful tool in determining legislative intent is the test outlined in *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932). *People v Sturgis,* 427 Mich 392, 404-405; 397 NW2d 783 (1986); *Kaczorowski, supra* at 170-171. The *Blockburger* test focuses on whether two separate statutes each include an element the other does not. *Sturgis, supra* at 409. In this case, one statute does not simply build upon the other. The ccw provision at issue requires proof that the firearm was an unlicensed pistol. The IDFMV statute requires proof that the firearm was discharged from a vehicle.

Accordingly, we conclude that defendant's conviction on both the IDFMV and ccw charges does

not violate his constitutional rights against double jeopardy.

Defendant also contends that the trial court erred in ordering his felony-firearm sentence to run consecutively to the ccw sentence. We agree, and the prosecutor concedes this issue to defendant. Under MCL 750.227b(1); MSA 28.424(2)(1), a defendant is not guilty of felony-firearm if the underlying felony is the carrying of a concealed weapon. Although the presence of a second underlying felony allows defendant's felony-firearm conviction to stand, *Sturgis, supra* at 410, it follows that the felony-firearm sentence may run consecutively only to that second underlying felony. We order defendant's sentences amended accordingly. MCR 7.216(A)(1) and (A)(7); *Brinson v Genesee Circuit Judge,* 403 Mich 676, 687; 272 NW2d 513 (1978).

Affirmed as modified.