PEOPLE v MITCHELL

Docket No. 186739. Submitted June 19, 1996, at Grand Rapids. Decided
December 13, 1996, at 9:15 A.M.

Shane C. Mitchell was charged in the Washtenaw Circuit Court with
receiving or concealing a stolen firearm and with possession of a
firearm during the commission of a felony. The court, Kurtis T. Wilder, J., dismissed the felony-firearm charge, ruling that the defendant's constitutional rights to be free from double jeopardy would be
violated were he to be convicted of both charges. The prosecution
appealed by leave granted.

The Court of Appeals *held*:

The Double Jeopardy Clauses of the United States Constitution
and the Michigan Constitution, US Const, Am V; Const 1963, art 1,
§ 15, bar the imposition of multiple punishment for the same
offense. The issue whether two convictions involve the same
offense for purposes of the protection against multiple punishment
is one of legislative intent. The Legislature, in enacting the felony-firearm statute, intended to authorize punishment for both a
weapon possession offense and felony-firearm growing out of the
same criminal episode, provided that the weapon possession
offense is not the predicate of the felony-firearm offense.

In this case, the charged weapon possession offense of receiving
or concealing a stolen firearm served as the predicate of the felony-firearm charge. The trial court correctly determined that the
defendant could not be convicted of both charges without violating
his rights to be free from double jeopardy.

Affirmed.

WEAPONS — RECEIVING OR CONCEALING STOLEN FIREARMS — FELONY-FIREARM —
CONSTITUTIONAL LAW — DOUBLE JEOPARDY.

The double jeopardy protections against multiple punishment for the
same offense bar convictions of both receiving or concealing a stolen firearm and possession of a firearm during the commission of a
felony where the offense of receiving or concealing a stolen firearm serves as the underlying felony for the felony-firearm offense
(US Const, Am V; Const 1963, art 1, § 15; MCL 750.535b, 750.227b;
MSA 28.803[2], 28.424[2]).

*Frank J. Kelley*, Attorney General, *Thomas· L. Casey*, Solicitor General, *Brian L. Mackie*, Prosecuting Attorney, and *David A. King*, Assistant Prosecuting Attorney, for the people.

*Long, Clark & Baker* (by *Basil A. Baker*), for the defendant.

Before: MacKenzie, P.J., and Markey and J. M. Batzer,* JJ.

Per Curiam. Defendant was charged with receiving or concealing a stolen firearm, MCL 750.535b; MSA 28.803(2). That offense also served as the predicate felony for a charge of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Following a hearing, the trial court dismissed the felony-firearm charge on double jeopardy grounds. The people appeal by leave granted. We affirm.

The United States and the Michigan Constitutions protect a person from being twice placed in jeopardy for the "same offense." US Const, Am V; Const 1963, art 1, § 15. The Double Jeopardy Clause provides three related protections, forbidding (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) the imposition of multiple punishments for the same offense. *People v Torres*, 452 Mich 43, 64; 549 NW2d 540 (1996). This case involves the prohibition against imposing multiple punishments for the same offense. In this context, the term "same offense" applies to overlapping conduct that violates

---

* Circuit judge, sitting on the Court of Appeals by assignment.

more than one statute. *People v Sturgis*, 427 Mich 392, 399; 397 NW2d 783 (1986).

In cases such as this one, involving multiple punishment at a single trial, the issue whether two convictions involve the same offense for purposes of the protection against multiple punishment is one of legislative intent. *Sturgis, supra*, p 400; *People v Robideau*, 419 Mich 458, 484; 355 NW2d 592 (1984).

MCL 750.535b; MSA 28.803(2), the receiving or concealing a stolen firearm statute, provides in part:

> (2) A person who receives, conceals, stores, barters, sells, disposes of, pledges, or accepts as security for a loan a stolen firearm or stolen ammunition, knowing that the firearm or ammunition was stolen, is guilty of a felony, punishable by imprisonment for not more than 10 years or by a fine of not more than $5,000.00, or both.

MCL 750.227b; MSA 28.424(2), the felony-firearm statute, provides:

> (1) A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of section 223 [unlawful sale of a firearm], section 227 [carrying a concealed weapon], 227a [unlawful possession of a firearm by licensee] or 230 [alteration of identifying marks on a firearm], is guilty of a felony, and shall be imprisoned for 2 years.

In enacting the felony-firearm statute, the Legislature intended to authorize punishment for both a weapon possession offense and felony-firearm growing out of the same criminal episode, provided that the weapon offense is *not* the predicate of the felony-firearm offense. *Sturgis, supra*, p 410; *People v Peyton*, 167 Mich App 230, 235; 421 NW2d 643 (1988). As explained by this Court in *People v Walker*, 167 Mich

App 377, 385; 422 NW2d 8 (1988), a case involving possession of a short-barreled shotgun and felony-firearm:

> [T]he Legislature's intent was to preclude a [weapon] possession offense from serving as the underlying felony for felony-firearm. However, the language of the statutes does not suggest that possession of a firearm and felony-firearm convictions cannot occur simultaneously *so long as a different offense is used as the underlying felony for felony-firearm.* [Emphasis added.]

See also *People v Booker (After Remand)*, 208 Mich App 163, 175; 527 NW2d 42 (1994) ("The Legislature intended to authorize multiple convictions for felony-firearm and possession of a short-barreled shotgun where the possession offense did not serve as the underlying felony for the felony-firearm conviction.").

Relying on *People v Guiles*, 199 Mich App 54; 500 NW2d 757 (1993), and *People v Cortez*, 206 Mich App 204; 520 NW2d 693 (1994), the people contend that, because receiving or concealing a stolen firearm is not one of the weapons offenses specifically referenced in the felony-firearm statute, the Legislature must not have intended to preclude that offense from serving as the predicate felony for a felony-firearm conviction. We decline to read those cases so narrowly. *Guiles* and *Cortez* both concerned a different class of predicate offenses, i.e., offenses involving the discharge of a weapon. The receiving and concealing a stolen firearm offense involved here, on the other hand, like the offenses listed in the felony-firearm statute and the possession of a short-barreled shotgun offense in *Walker* and *Booker,* is a possessory offense. While the Legislature has authorized multiple punishments where the act giving rise to the predicate fel-

ony is distinct from a possessory offense, mere possession of a weapon, without more, cannot serve as the predicate for a felony-firearm charge. *Walker, supra,* pp 384-385.

In this case, defendant was charged only with receiving or concealing a stolen firearm and felony-firearm, making the weapon offense the predicate felony for felony-firearm. Because the felony of receiving a stolen firearm—a possession offense—is the underlying offense supporting the felony-firearm offense, defendant cannot be charged with both crimes without violating his right to be free from double jeopardy. *Walker, supra; Booker, supra.* Accordingly, the trial court properly dismissed the charge of felony-firearm.

Affirmed.