PEOPLE v MITCHELL

Docket No. 108135. Argued December 10, 1997 (Calendar No. 10). Decided April 1, 1998.

Shane C. Mitchell was charged in the Washtenaw Circuit Court with receiving or concealing stolen firearms or ammunition and possession of a firearm during the commission of a felony. The court, Kurtis T. Wilder, J., granted the defendant's motion to dismiss the felony-firearm charge, holding that it would violate double jeopardy protections if he were prosecuted under both statutes. The Court of Appeals, MacKenzie, P.J., and Markey and J. M. Batzer, JJ., affirmed in an opinion per curiam (Docket No. 186739). The people appeal.

In an opinion by Justice Weaver, joined by Chief Justice Mallett, and Justices Brickley, Boyle, and Taylor, the Supreme Court *held:*

A prosecution for possession of a firearm during the commission of a felony does not violate the prohibition against double jeopardy of the United States and Michigan Constitutions when the predicate felony is receiving or concealing a stolen firearm or ammunition.

Where the issue is one of multiple punishment rather than successive trials, the double jeopardy analysis involves whether there is a clear indication of legislative intent to impose multiple punishment for the same offense. If so, there is no double jeopardy violation. In this instance the Legislature clearly intended that the felony-firearm statute was to provide for an additional felony charge and sentence whenever a person possessing a firearm committed a felony other than the four explicitly enumerated in that statute.

Reversed and remanded.

Justice Kelly, joined by Justice Cavanagh, dissenting, stated that the Legislature did not intend to impose punishment for possession of a firearm during the commission of a felony when the predicate felony involves the possession of a weapon, as contrasted with the use of a weapon.

Where two statutes prohibit violation of a single social norm, the Legislature generally is deemed not to have intended multiple punishments. Therefore, it should not be readily assumed that multiple punishments were intended for one act violating both the receiving or concealing a stolen firearm and the felony-firearm statutes. Case

law suggests that the Legislature did not intend that a possession-based firearm offense should become the predicate for a felony-firearm charge. A contrary intent is not inevitable from a common-sense reading of the statute and its legislative history. Any lingering uncertainty or ambiguity should be resolved in favor of lenity.

220 Mich App 439; 559 NW2d 105 (1996) reversed.

*People v Walker,* 167 Mich App 377; 422 NW2d 8 (1988) overruled.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Brian L. Mackie,* Prosecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

*Long & Baker, L.L.P.* (by *Basil A. Baker*), for the defendant-appellee.

WEAVER, J. Defendant was charged with receiving or concealing stolen firearms or ammunition[1] and possession of a firearm during the commission of a felony (felony-firearm).[2] Defendant brought a motion to dismiss the felony-firearm charge on double jeopardy grounds. The trial court granted the motion, holding that it would violate the Double Jeopardy Clause if he were prosecuted under both statutes. Trial was stayed while the prosecutor appealed. The Court of Appeals issued an opinion affirming the trial court's ruling.[3] We reverse and remand.

The sole question before us is whether it is a violation of the United States and Michigan Constitutions' prohibition against double jeopardy[4] for defendant to

---

[1] MCL 750.535b; MSA 28.803(2).

[2] MCL 750.227b; MSA 28.424(2).

[3] 220 Mich App 439; 559 NW2d 105 (1996).

[4] US Const, Am V provides, in pertinent part: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb"; Const 1963, art 1, § 15 provides: "No person shall be subject for the same offense to be twice put in jeopardy."

be prosecuted for felony-firearm when the predicate felony is receiving or concealing a stolen firearm or ammunition.

There are various protections flowing from the double jeopardy guarantee of the United States and Michigan Constitutions: it precludes a second prosecution for the same offense after acquittal or conviction, and also protects against multiple punishments for the same offense. It is this last protection—protection against multiple punishments for the same offense—with which we are concerned today. This protection is designed to ensure that courts confine their sentences to the limits established by the Legislature. *People v Sturgis*, 427 Mich 392; 397 NW2d 783 (1986).

Where multiple punishment is involved, the Double Jeopardy Clause acts as a restraint on the prosecutor and the Courts, not the Legislature. *Brown v Ohio*, 432 US 161; 97 S Ct 2221; 53 L Ed 2d 187 (1977). Where "a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*,[5] a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Missouri v Hunter*, 459 US 359, 368; 103 S Ct 673; 74 L Ed 2d 535 (1983). Where the issue is one of multiple punishment rather than successive trials, the

---

[5] The *Blockburger* test says that "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Blockburger v United States*, 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932).

double jeopardy analysis is whether there is a clear indication of legislative intent to impose multiple punishment for the same offense. If so, there is no double jeopardy violation. *People v Robideau*, 419 Mich 458, 469; 355 NW2d 592 (1984). 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 102, p 285.

Thus, we need only determine whether the Legislature has authorized multiple punishments. To do so, we look to the subject, language, and history of the statutes. *Robideau, supra* at 486.

MCL 750.535b; MSA 28.803(2)[6] regulates both stolen firearms and stolen ammunition, and punishes those who receive, conceal, store, barter, sell, dispose of, pledge, or accept as security for a loan either of these items. MCL 750.227b; MSA 28.424(2)[7] creates a separate felony for those who possess a firearm while committing a felony.

MCL 750.227b; MSA 28.424(2) specifically excludes violations of four felonies—§ 223 (unlawful sale of a firearm), § 227 (carrying a concealed weapon), § 227a (unlawful possession of a firearm by a licensee) and

---

[6] MCL 750.535b(2); MSA 28.803(2)(2) states, in pertinent part:

A person who receives, conceals, stores, barters, sells, disposes of, pledges, or accepts as security for a loan a stolen firearm or stolen ammunition, knowing that the firearm or ammunition was stolen, is guilty of a felony, punishable by imprisonment for not more than 10 years or by a fine of not more than $5,000.00, or both.

[7] The felony firearm statute, MCL 750.227b(1); MSA 28.424(2)(1) provides:

A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of section 223 [unlawful sale of a firearm], section 227 [carrying a concealed weapon], 227a [unlawful possession of a firearm by a licensee] or 230 [alteration of identifying marks on a firearm], is guilty of a felony, and shall be imprisoned for 2 years.

§ 230 (alteration of identifying marks on a firearm). The Court of Appeals effectively held that this was not an exclusive list, and held that "mere possession of a weapon, without more, cannot serve as the predicate for a felony-firearm charge." 220 Mich App 439, 443; 559 NW2d 439 (1996). We disagree with this reading of the felony-firearm statute. The Court of Appeals erred in reading in an exception that was not included in the statute by the Legislature.

This Court has previously discussed the history and legislative intent of the felony-firearm legislation. In *People v Morton*, 423 Mich 650, 656; 377 NW2d 798 (1985), this Court said that "it [is] clear that the Legislature intended, with only a few narrow exceptions, that every felony committed by a person possessing a firearm result in a felony-firearm conviction." In *People v Sturgis, supra* at 407, we noted that "[t]he language and structure of the statute thus contain no indication that the Legislature intended that a felony-firearm offense was a sentence-enhancement statute which precluded the charging and conviction of separate offenses." In *Sturgis, supra* at 407-408, this Court also concluded that "[t]he legislative history of the statute also reflects a commitment to reach all but the excepted felonies."

In 1990, the Legislature amended the felony-firearm statute. It added to the list of excepted felonies § 223 (unlawful sale of a firearm) and § 230 (alteration of identifying marks on a firearm). 1990 PA 321. We find it significant that in this amendment the Legislature did not add the felony at question here today, § 535b, receiving or concealing stolen firearms or ammunition, to the list of excepted felonies. Nor did it add any concluding catch-all phrase such as to trigger an

ejusdem generis analysis. Rather, the Legislature simply listed the four exceptions without using any language such as "or other similar statute" that would give a court an open door to expand the number of exceptions. The fact that such language was not included must be given meaning. That meaning is that the list of four exceptions is exclusive. We reject the reasoning of *People v Walker*, 167 Mich App 377, 385; 422 NW2d 8 (1988), that "the Legislature's intent was to preclude a possession offense from serving as the underlying felony for felony-firearm." This extrapolation from the list of exclusions in the felony-firearm statute is too broad, and reaches beyond the Legislature's explicit provisions. We overrule *People v Walker*, *supra*, and its progeny to the extent that they are in conflict with our opinion today. We conclude that the Legislature's intent in drafting the felony-firearm statute was to provide for an additional felony charge and sentence whenever a person possessing a firearm committed a felony other than those four explicitly enumerated in the felony-firearm statute.

We reverse the decision of the Court of Appeals, reinstate the charge against defendant, and remand for further proceedings.

MALLETT, C.J., and BRICKLEY, BOYLE, and TAYLOR, JJ., concurred with WEAVER, J.

KELLY, J. I respectfully dissent.

We have been asked to determine whether a person apprehended with a stolen firearm may be charged and convicted of both receiving or concealing a stolen firearm and felony-firearm. The defendant in this

case was initially charged with three crimes.[1] He was
bound over on receiving or concealing a stolen fire-
arm[2] and possession of a firearm during the commis-
sion of a felony.[3] The receiving offense was used as
the predicate felony for the felony-firearm charge.

In resolving the issue before us, the appropriate
analysis begins with an inquiry into the intent of the
Legislature. The object is to determine whether pun-
ishment under the two statutes in question for
defendant's single act of possession violates the
Double Jeopardy Clauses of the state and federal con-
stitutions. *People v Robideau*, 419 Mich 458, 486; 355
NW2d 592 (1984).

We examine the subject, language, and history of
the statutes. *Id.* at 486. We are mindful that the Legis-
lature is free to determine what constitutes a criminal
offense and, if it specifically intends, may authorize
several penalties for a single criminal act. *People v
Wakeford*, 418 Mich 95, 111; 341 NW2d 68 (1983).

I believe that the majority in this case has glossed
over an important principle used in construing legisla-
tive intent: Where two statutes prohibit violation of a
single social norm, albeit in somewhat different man-
ners, the Legislature is normally deemed not to have
intended multiple punishments. *Robideau, supra* at
487.

The two statutes under scrutiny in this case are
MCL 750.535b; MSA 28.803(2) and MCL 750.227b;
MSA 28.424(2). The former concerns stolen firearms
and ammunition, and punishes those who receive,

---

[1] A charge of carrying a concealed weapon was dismissed.

[2] MCL 750.535b; MSA 28.803(2).

[3] MCL 750.227b; MSA 28.424(2).

conceal, store, barter, sell, dispose of, pledge, or accept as security for a loan either one. The latter creates a separate felony for those who possess a firearm while committing a felony. The felony-firearm statute expressly excludes violation of four felonies: (1) unlawful sale of a firearm, MCL 750.223; MSA 28.420, (2) carrying a concealed weapon, MCL 750.227; MSA 28.424, (3) unlawful possession of a firearm by a licensee, MCL 750.227a; MSA 28.424(1), and (4) alteration of identifying marks on a firearm, MCL 750.230; MSA 28.427.

Both statutes prohibit violation of the same social norm: deterrence of the unlawful possession of firearms and ammunition. Therefore, it should not be readily assumed that the Legislature intended multiple punishments for one act violating both statutes.

The majority concludes that the Legislature intended the felony-firearm statute to provide an additional sentence for anyone possessing a firearm who commits a felony other than those four explicitly enumerated. *Ante* at 698. It cites language from *People v Sturgis*[4] for support. However, *Sturgis* can be distinguished from the case at hand and, in fact, bolsters defendant's position. In *Sturgis*, the defendant was convicted of felonious assault, possession of a firearm during the commission of a felony, and carrying a concealed weapon. This Court held:

> We conclude that the history, language, and structure of the statutes indicate that felony-firearm and concealed weapon offenses are distinct offenses which may be separately punished in a single trial when the concealed weapon

---

[4] 427 Mich 392; 397 NW2d 783 (1986).

offense is not the predicate of the felony-firearm offense.
[*Id.* at 410.]

The rationale in *Sturgis* is consistent with that in
*Wayne Co Prosecutor v Recorder's Court Judge*.[5]
There, it was found appropriate to convict the defend-
ant of both second-degree murder and possession of
a firearm during the commission of a felony. The
Court ruled that the two crimes were separate: mur-
der does not require the use of a firearm and felony-
firearm does not require the predicate felony of
murder.[6]

The majority overrules *People v Walker*, 167 Mich
App 377; 422 NW2d 8 (1988). That case is distinguish-
able from the present case, also. In *Walker*, the Court
of Appeals held that assault with intent to do great
bodily harm less than murder was sufficient to serve
as the underlying felony for the felony-firearm convic-
tion. Thus, in *Sturgis*, *Wayne Co Prosecutor*, and
*Walker*, the underlying felony involved an act separate
from possession of a firearm during the commission
of a felony.

The same rationale has been applied by the United
States Supreme Court. In *Ball v United States*,[7] the
defendant was convicted of receipt of a firearm by a
convicted felon and possession of a firearm by a con-
victed felon. Predicated upon a review of the intent of

---

[5] 406 Mich 374; 280 NW2d 793 (1979).

[6] Although the Court in *Wayne Co Prosecutor* applied the *Blockburger*
test, it recognized that issues challenging multiple punishment are to be
decided by determining legislative intent. *Wayne Co Prosecutor, supra* at
389. *Blockburger v United States*, 284 US 299; 52 S Ct 180; 76 L Ed 306
(1932).

[7] 470 US 856; 105 S Ct 1668; 84 L Ed 2d 740 (1985).

Congress,[8] the Court concluded that a defendant should not be subjected to two convictions for the same criminal act. It stated that Congress surely recognized that a felon who receives a firearm must also possess it. *Id.* at 862. *Ball* sets forth a constitutional baseline that this Court should not ignore. Yet, the majority makes no mention of it.

Against this backdrop of case law, it is implausible to conclude that the Michigan Legislature intended a defendant be punished twice for a single instance of possession of a single gun. We have before us a case in which the intent of the Legislature is so apparent that it overrides the literalness of the "except" clause relied on by the majority. It is noteworthy that the felonies listed in the "except" clause of the felony-firearm statute all involve possession of a firearm. It follows that the Legislature did not intend to impose duplicate punishment when the predicate felony involves the possession of a weapon, as contrasted with the use of a weapon.

Past decisions of this Court suggest that the intent of the Legislature is not that a possession-based firearm offense should become the predicate for a felony-firearm charge. Certainly, a contrary intent is not inevitable from a common-sense reading of the statute and its legislative history.

Any lingering uncertainty or ambiguity should be resolved in favor of lenity. As this Court stated in *Robideau*, "If no conclusive evidence of legislative intent can be discerned, the rule of lenity requires the

---

[8] Although the Court utilized the *Blockburger* test to determine legislative intent, I believe that a *Robideau* analysis would yield the identical result.

conclusion that separate punishments were not intended." *Id.* at 488.

Therefore, I would affirm the decision of the Court of Appeals.

CAVANAGH, J., concurred with KELLY, J.