**Michigan Supreme Court**
Lansing, Michigan 48909

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED NOVEMBER 25, 2003**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                             Nos. 122430, 122431

D'ANDRE D. CALLOWAY,

    Defendant-Appellant.

_____

**PER CURIAM**

    Defendant was convicted after a jury trial of violating MCL 750.224f (felon in possession of a firearm) and MCL 750.227b (possession of a firearm during the commission of a felony).[a] He argues that these convictions violate the federal and state prohibitions against double jeopardy.[b] The Court of Appeals rejected defendant's double jeopardy claim, holding that its decision in *People v*

---

[a] Defendant was also convicted of assault with intent to do great bodily harm less than murder, MCL 750.84.

[b] US Const, Am V; Const 1963, art 1, § 15.

*Dillard*, 246 Mich App 163; 631 NW2d 755 (2001), controlled.[c]
Defendant now seeks leave to appeal, arguing that *Dillard*
and our decision in *People v Mitchell*, 456 Mich 693; 575
NW2d 283 (1998), which the *Dillard* panel followed, were
wrongly decided.  We disagree.

                               I

     A challenge under the double jeopardy clauses of the
federal and state constitutions presents a question of law
that this Court reviews de novo.  *People v Herron*, 464 Mich
593, 599; 628 NW2d 528 (2001).  The double jeopardy clauses
of the United States and Michigan constitutions protect
against governmental abuses for both (1) multiple
prosecutions for the same offense after a conviction or
acquittal and (2) multiple punishments for the same
offense.  *Ohio v Johnson*, 467 US 493, 497; 104 S Ct 2536;
81 L Ed 2d 425 (1984); *Herron, supra*.  The issue presented
in this case is one of multiple punishments for the same
offense.

     This Court discussed the constitutional protections
against multiple punishments in *Mitchell, supra* at 695,
which relied on *People v Sturgis*, 427 Mich 392; 397 NW2d

---

[c] Unpublished opinion per curiam, issued August 30,
2002 (Docket Nos. 232225, 232274).

783 (1986). In *Sturgis*, Justice Boyle, speaking for a majority, helpfully discussed the multiple punishment bar by contrasting it with the multiple prosecution bar:

> The Court can enforce the constitutional prohibition against multiple prosecutions through judicial interpretation of the term "same offense" as intended by the framers of the constitution. Judicial examination of the scope of double jeopardy protection against imposed multiple punishment for the "same offense" is confined to a determination of legislative intent. In the latter case, the core double jeopardy right to be free from vexatious proceedings is simply not present, *People v Robideau,* [419 Mich 458, 485; 355 NW2d 592 (1984)]. Since the power to define crime and fix punishment is wholly legislative, the clause is not a limitation on the Legislature, *Whalen v United States* [445 US 684, 700; 100 S Ct 1435; 63 L Ed 2d 715 (1980)], and the only interest of the defendant is in not having more punishment imposed than intended by the Legislature, *People v Robideau, supra*, 485. Thus, "[even] if the crimes are the same, ... if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end," *Ohio v Johnson*, 467 US 493, 499 n 8; 104 S Ct 2536; 81 L Ed 2d 425 (1984). [*Sturgis, supra* at 400.]

The question is, then, whether the "state legislature intended to authorize cumulative punishments." *Ohio, supra*.

The felony-firearm statute, as relevant, states:

> A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of section 223, section 227, 227a or 230, is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this

3

section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this subsection, the person shall be imprisoned for 10 years. [MCL 750.227b(1).]

The felon in possession statute states, in relevant part:

(1) Except as provided in subsection (2), a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until the expiration of 3 years after all of the following circumstances exist:

(a) The person has paid all fines imposed for the violation.

(b) The person has served all terms of imprisonment imposed for the violation.

(c) The person has successfully completed all conditions of probation or parole imposed for the violation. [MCL 750.224f.]

In considering MCL 750.227b in *Mitchell*, we concluded that, with the exception of the four enumerated felonies,[d] it was the Legislature's intent "to provide for an additional felony charge and sentence whenever a person possessing a firearm committed a felony other than those four explicitly enumerated in the felony-firearm statute." *Id*. at 698.

---

[d] MCL 750.223 (unlawful sale of a firearm), MCL 750.227 (carrying a concealed weapon), MCL 750.227a (unlawful possession by licensee), and MCL 750.230 (alteration or removal of identifying marks).

4

We follow, as did the Court of Appeals in *Dillard*, *supra*, our *Mitchell* opinion in resolving this matter. Because the felon in possession charge is not one of the felony exceptions in the statute, it is clear that defendant could constitutionally be given cumulative punishments when charged and convicted of both felon in possession, MCL 750.224f, and felony-firearm, MCL 750.227b. Because there is no violation of the double jeopardy clause, the Court of Appeals properly affirmed defendant's convictions. In lieu of granting leave to appeal, we affirm the judgment of the Court of Appeals on this point. MCR 7.302(F)(1). In all other respects, we deny defendant's delayed application for leave to appeal because we are not persuaded that the questions presented should be reviewed by this Court. Defendant's motion to remand is also denied.

Maura D. Corrigan
Elizabeth A. Weaver
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

5

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v                                 Nos. 122430, 122431

D'ANDRE D. CALLOWAY,

    Defendant-Appellant.

_____

KELLY, J. (*concurring in result only*).

Defendant was convicted of an assault, for being a felon in possession of a firearm[1] and for possessing a firearm while committing a felony (felony-firearm).[2] He claims that the two latter convictions for the same act, possessing a single firearm on a single occasion, violate the double jeopardy clauses of the United States and Michigan Constitutions. While I disagree with the Court's analysis, I concur in the result it reaches. I write separately to reiterate what I believe to be the proper analysis under the controlling precedent of the United

---

[1] MCL 750.224f.

[2] MCL 750.227b.

States Supreme Court and this Court.

The bar against double jeopardy protects against multiple punishments for the same offense. The United States Supreme Court and this Court have interpreted this protection as a restraint on the courts and the prosecutor. However, if the Legislature expressly desires, it is within its power to provide for cumulative punishment of the same conduct. *People v Mitchell,* 456 Mich 693, 695; 575 NW2d 283 (1998), citing *Brown v Ohio,* 432 US 161, 97 S Ct 2221; 53 L Ed 2d 187 (1977). To do so, it must express this intent in clear terms. *Mitchell,* p 696, citing *People v Robideau,* 419 Mich 458, 469; 355 NW2d 592 (1984). The rule of lenity requires that the courts presume that the Legislature did not intend to punish conduct cumulatively unless there is conclusive evidence of a contrary intent. *Robideau*, p 488.

Legislative intent can be difficult to discern. "The Legislature rarely reveals its intentions with a specific statement." *Robideau*, pp 486-487. Here, the Legislature did not explicitly state its intent and, to ascertain it, we must employ an analysis that the United States Supreme Court and this Court have developed. The analysis has been devised to protect substantial liberty interests and

2

tailored for double jeopardy challenges.

It begins with some general principles whose purpose is to examine the subject, language, and history of the statutes in question. *Id.*, p 486. Basic to them is a presumption that the Legislature did not intend multiple punishments for one act that violates different statutes protecting the same social norms. *Id.*, p 487. Conversely, a court could infer the intent of multiple punishments where the social norms do not overlap. Additional tools of statutory construction may be employed as well. But a court must search for conclusive evidence of an implicit intent to provide multiple punishments when the prosecutor seeks multiple punishments for a single act.

In this case, the defendant was a convicted felon who had committed a serious assault with a firearm. The felony-firearm and assault statutes protect different social norms. The assault statute and its common-law predecessor are meant to preserve order. The felony-firearm statute is intended to deter the unlawful possession of firearms. *Mitchell,* p 700 (KELLY, J., dissenting). This supports the inference that the Legislature intended to provide additional punishment of a person who commits an assault while in possession of a

3

firearm. The rationale was, presumably, that someone assaulted by a person having ready access to a deadly weapon is at greater risk of injury than someone assaulted by an unarmed person.

It is noteworthy that, in this case, the felony-firearm charge would have been barred by double jeopardy if it had been predicated on the felon-in-possession charge. Both involve mere possession, protecting similar norms.

The felony-firearm statute is intended to deter the unlawful possession of firearms by punishing those who commit a felony with a firearm in their possession. *Id.* Similarly, the felon-in-possession statute is intended to deter the possession of firearms by those who have previously committed a felony. Because the social norms underlying the statutes are similar, an inference may be drawn that the Legislature intended not to provide multiple punishments for a single act that violated both statutes. In addition, assault requires proof of more than mere possession of the firearm.[3]

---

[3]Accord *People v Sturgis,* 427 Mich 392; 397 NW2d 783 (1986) (simultaneous convictions allowed for unlawfully carrying a concealed weapon [CCW], felonious assault, and felony-firearm, but the CCW could not serve as the predicate felony for the felony-firearm conviction), *Wayne Co Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280

4

This conclusion is consistent with the United States Supreme Court interpretation of the double jeopardy provision in *Ball v United States*, 470 US 856; 105 S Ct 1668; 84 L Ed 2d 740 (1985). *Ball* held that a defendant could not be convicted simultaneously of receipt and of possession of a stolen firearm, because receipt is implicit in possession and no additional act is required.

The four exceptions listed in the felony-firearm statute do not undercut this analysis. Unlawful sale of a firearm, unlawful possession by a licensee, carrying a concealed weapon (CCW), and altering the markings of a firearm,[4] do not result in a felony-firearm violation. The majority determined that this list was exclusive and, therefore, that the Michigan Legislature intended any other felony with a firearm to be a violation of the felony-firearm statute.

However, its analysis avoids the constitutional question and assumes that, by providing a short list of exceptions, the Legislature intended cumulative punishments

---

NW2d 793 (1979) (simultaneous convictions allowed for second-degree murder and felony-firearm), and *People v Walker,* 167 Mich App 377; 422 NW2d 8 (1988) (simultaneous convictions allowed for assault with intent to do great bodily harm less than murder and for felony-firearm).

[4]MCL 750.223, 750.227a, 750.227, and 750.230.

for all unlisted crimes. When one applies the social norm analysis, it becomes apparent that the felony-firearm statute and its four exceptions protect diverse interests. The unlawful sale statute and the markings statute facilitate the regulation of firearms. The licensee's unlawful possession statute and the CCW statute prevent deadly weapons from being available in situations where they might be used imprudently. These interests are different from, and more narrowly tailored than, the felony-firearm statute, which protects against unlawful possession in general.

Thus, there would be no double jeopardy bar to simultaneous prosecutions under one of these statutes and under the felony-firearm statute. It follows that the Legislature intended not to provide cumulative punishments for these four exceptions. Moreover, their inclusion furnishes no conclusive evidence of an intent with respect to other felonies.

This analysis illustrates the limited applicability of the maxim *expressio unius est exclusio alterius,* which the majority used in this case and in *Mitchell.* Rather than standing as a rule of law, the maxim is merely an aid to construction. It should not be used summarily to decide

constitutional questions.

In passing over the established social norm analysis when deciding this case, the majority failed to apply the rule of lenity. It should have done so, given that no conclusive evidence of legislative intent exists. Moreover, by expressly agreeing with the holding in *People v Dillard*,[5] this Court effectively decides the issue presented there, although it is not presented in this case.

*Dillard* held that felon-in-possession can be the underlying felony for felony-firearm. This per curiam opinion affirms that holding in a case in which an assault conviction could provide the underlying felony for the felony-firearm conviction. There was no need to reach the question whether felon-in-possession could be the predicate felony.

This case should not be made a vehicle to resolve the *Dillard* issue, a larger one not before the Court. For these reasons, I cannot join the majority's analysis in this case or in *Mitchell.*

Marilyn Kelly
Michael F. Cavanagh

---

[5] 246 Mich App 163; 631 NW2d 755 (2001).