# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

DAMON WASHINGTON,

      Defendant-Appellant.

UNPUBLISHED
March 24, 2015

No. 319168
Wayne Circuit Court
LC No. 10-005387-FH

Before: BOONSTRA, P.J., and SAWYER and O'CONNELL, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f, possession of a firearm during the commission of a felony (felony-firearm) (second offense), MCL 750.227b, and carrying a concealed weapon, MCL 750.227. Defendant was sentenced to one to five years' imprisonment for the felon-in-possession conviction, five years' imprisonment for the felony-firearm (second offense) conviction, and one to five years' imprisonment for the carrying a concealed weapon conviction. We affirm defendant's convictions, but remand the case to the trial court to correct the judgment of sentence to reflect that defendant's felony-firearm sentence will run consecutive to his felon-in-possession sentence and concurrent with his carrying a concealed weapon sentence.

This case arises from an incident in which defendant placed a gun in a Chevy Tahoe sports utility vehicle, which was parked in a parking lot. Defendant argues that his convictions were against the great weight of the evidence because there was no evidence corroborating the testimony of the police officers who viewed the incident, and it was unlikely that the police officers were able to see whether defendant placed a gun in the Tahoe. We disagree.

This Court reviews a trial court's findings of fact for clear error. MCR 2.613(C). "In the application of this principle, regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C). " 'Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made.' " *People v Brooks*, 304 Mich App 318, 319-320; 848 NW2d 161 (2014) (citation omitted).

"The test to determine whether a verdict is against the great weight of the evidence is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage

-1-

of justice to allow the verdict to stand." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009). This Court vacates a verdict only if "the evidence does not reasonably support it and it was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence." *Id.* Additionally, " '[c]onflicting testimony, even when impeached to some extent, is an insufficient ground for granting a new trial.' " *Id.* at 469-470 (citation omitted). Under ordinary circumstances, the trier of fact determines the credibility of witnesses. See *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008). However, reversal is proper if a witness's " 'testimony contradicts indisputable physical facts or laws,' '[w]here testimony is patently incredible or defies physical realities,' '[w]here a witness's testimony is material and is so inherently implausible that it could not be believed by a reasonable juror,' or where the witnesses [sic] testimony has been seriously 'impeached' and the case marked by 'uncertainties and discrepancies.' " *People v Lemmon*, 456 Mich 625, 643-644; 576 NW2d 129 (1998) (citations omitted) (first and second alterations in original).

The trial court's verdict was not against the great weight of the evidence because the evidence reasonably supported the verdict. According to Detroit Police Officer Craig Schramek, defendant pulled what Officer Schramek believed was a handgun from the back of the waistband of his shorts and entered the Tahoe through the driver's side door. According to Detroit Police Officer LeShaun Peoples, defendant put a handgun in the Tahoe. Officer Peoples retrieved the gun from the Tahoe. The officers also saw defendant throw a set of car keys for the Tahoe into a field. This evidence provided reasonable support for the trial court's verdict. See *Lacalamita*, 286 Mich App at 469.

Although defendant testified that the distance between the side of the Tahoe and the end of the parking lot would have been approximately 45 feet and that the distance between the Tahoe and Lynn Street was 198 feet, it was the province of the trial court as the trier of fact to determine whether defendant's testimony was credible and whether the officers could have properly seen defendant. See *Unger*, 278 Mich App at 232. Furthermore, the officers' ability to see defendant as they approached him from a distance of 45 to 198 feet would not have defied physical reality so that defendant's conviction was against the great weight of the evidence. See *Lemmon*, 456 Mich at 643-644.

Defendant points out that he was wearing loose-fitting clothing and that it would have been unlikely that he could have held the gun in his pants because of the size and weight of the gun. The trial judge held the gun and stated that it was heavy. However, Officer Schramek testified that defendant was wearing a belt. The belt may have held the gun. In addition, even if defendant were not wearing a belt, the fact that defendant managed to hold a gun in loose-fitting clothing does not defy physical reality or contradict indisputable physical facts or laws so that defendant's convictions were against the great weight of the evidence. See *Lemmon*, 456 Mich at 643-644. Instead, the trial court reasonably found that defendant managed to hold the gun in his pants. See *id.*

In addition, the fact that there was no physical evidence tying defendant to the gun or the Tahoe does not require this Court to find that defendant's convictions were against the great weight of the evidence. As explained above, the trier of fact determines the credibility of the witnesses. See *Unger*, 278 Mich App at 232. Therefore, the trial court properly determined that

Officers Schramek and Peoples gave credible testimony even though there was no physical evidence to corroborate their testimony. See *Lemmon*, 456 Mich at 642-643.

Finally, the fact that there was conflicting testimony with regard to the amount of lighting at the scene of the incident is not grounds for reversal. The trial court noted when it rendered its verdict that the police officers were able to use the spotlights on their police car to light the parking lot area and that defendant was able to see the police officers enter the park. The trial court stated:

> So, I think that there has been a lot of time and effort spent on trying to get the Court to understand how poorly lit this area was. But this Court is clear that, from the testimony from both of the officers, as well as from the Defendant, that there really wasn't anything blocking either the Defendant's view from seeing the police officers when they first came in, or vice versa.

Defendant testified that the scene of the incident is called "Ghost Town" because it is completely dark. He explained that a person cannot see in the park unless the person comes all the way inside the park. Defendant explained that there was nothing that would prevent someone from seeing in the area. However, one can only see into the area if he or she is standing under the light because of how dimly lit the park is. Nonetheless, defendant was able to see the police car approaching the scene. He testified that there was only one working light in the area, which projected a "yellowish tanish color." The light had debris or dead insects inside it. However, defendant acknowledged that there were light fixtures on homes across the alley from the scene of the incident.

In contrast, Officers Schramek and Peoples believed that there was enough light to see what was happening. According to Officer Schramek, there was at least one light in the parking lot. In addition, the headlights in the police car were turned on, and Officer Schramek turned on one or two spotlights. Although Officer Peoples could not recall at trial whether there was more than one light in the area, he testified that there might have been two or three other public lights in the area. In addition, once the officers reached the scene of the incident, nothing blocked their view. Thus, the officers' testimony indicated that the officers could see defendant putting a gun into the Tahoe. To the extent that the testimony is conflicting with regard to the lighting at the scene of the incident, the trial court as the trier of fact had the ability to determine the credibility of the witnesses, and a credibility challenge alone is an insufficient ground to grant a new trial. See *Lacalamita*, 286 Mich App at 469-470; *Unger*, 278 Mich App at 232. Therefore, the trial court's verdict was not against the great weight of the evidence.

Defendant next argues that the trial court should not have convicted him of both felon-in-possession and felony-firearm because the Legislature did not intend for the felony-firearm statute to apply when the underlying felony is felon-in-possession. We disagree.

"For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Defendant did not raise the issue in the trial court. Therefore, the issue is unpreserved. See *id*.

This Court reviews an unpreserved nonconstitutional claim for plain error affecting the defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). In order to establish plain error, the defendant must establish the following: "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. With regard to the last requirement, the defendant must show prejudice, meaning that the error affected the outcome in the trial court. *Id*.

MCL 750.227b(1), the relevant provision of the felony-firearm statute, provides:

> A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of [MCL 750.223, MCL 750.227, MCL 750.227a or MCL 750.230], is guilty of a felony, and shall be imprisoned for 2 years. Upon a second conviction under this section, the person shall be imprisoned for 5 years. Upon a third or subsequent conviction under this subsection, the person shall be imprisoned for 10 years.

MCL 750.223 prohibits the sale of firearms and ammunitions under certain conditions. MCL 750.227 prohibits the carrying of a concealed weapon. MCL 750.227a prohibits the unlawful possession of a pistol by a licensee. MCL 750.230 prohibits the alteration, removal, or obliteration of a mark of identity on a firearm. MCL 750.224f, the felon-in-possession statute, prohibits the possession of a firearm by a person convicted of a felony. Felon-in-possession is not one of the exceptions listed in the felony-firearm statute. See MCL 750.227b(1).

In *People v Mitchell*, 456 Mich 693, 698; 575 NW2d 283 (1998), the Michigan Supreme Court held that the four exceptions listed in the felony-firearm statute are exclusive. The Court reasoned that the Legislature had listed four crimes as exceptions to application of the felony-firearm statute and did not include a catchall phrase that would indicate that the number of exceptions could increase. *Id*. at 697-698. The Court noted that "the Legislature's intent in drafting the felony-firearm statute was to provide for an additional felony charge and sentence whenever a person possessing a firearm committed a felony other than those four explicitly enumerated in the felony-firearm statute." *Id*. at 698.

In *People v Dillard*, 246 Mich App 163, 167-169; 631 NW2d 755 (2001), this Court held that convictions for felon-in-possession and felony-firearm do not violate double jeopardy because the Legislature intended to permit a defendant charged with felon-in-possession to be charged with felony-firearm. This Court explained that the Legislature intended for the four exceptions listed in MCL 750.277b(1) to be exclusive. *Id*. at 167. Thus, this Court reiterated that the Legislature intended that commission of every other crime involving a firearm can also result in a felony-firearm conviction. *Id*. This Court also rejected the defendant's argument that the Legislature did not intend for multiple punishments for the two crimes. *Id*. at 168. This Court reasoned that the Legislature is presumed to have known about the felony-firearm exceptions when it enacted the felon-in-possession statute and would have amended the felony-firearm statute to preclude conviction of both crimes if it had intended to preclude conviction of both crimes. *Id*. This Court also held that the purposes of the two statutes indicated that a defendant could be convicted of both crimes since the statutes had different purposes addressing different social norms. *Id*. at 169-171.

In *People v Calloway*, 469 Mich 448, 452; 671 NW2d 733 (2003), the Michigan Supreme Court held that the defendant's convictions for felon-in-possession and felony-firearm did not violate double jeopardy. The Court held that the Legislature intended for the felony-firearm statute to apply to situations in which a person used a firearm to commit a felony other than the four felonies specifically excluded in MCL 750.227b(1). *Id*. Thus, this Court and the Michigan Supreme Court have held that the four exceptions listed in the felony-firearm statute are exclusive. *Id*.; *Mitchell*, 456 Mich at 698; *Dillard*, 246 Mich App at 167-168. Therefore, defendant's claim that he could not have been convicted of both crimes fails.

In addition, it should be noted that, contrary to defendant's assertion, this Court and the Michigan Supreme Court did interpret legislative intent. *Calloway*, 469 Mich at 452; *Mitchell*, 456 Mich at 698; *Dillard*, 246 Mich App at 168. Defendant also argues that this Court incorrectly considered the intent of the Legislature when it enacted the felon-in-possession law rather than the felony-firearm law. However, " 'the Legislature is presumed to be aware of, and thus to have considered the effect on, all existing statutes when enacting new laws.' " *People v Bragg*, 296 Mich App 433, 451; 824 NW2d 170 (2012) (citation omitted). Thus, this Court properly considered the fact that the Legislature contemplated the effect of the felon-in-possession law on the felony-firearm statute when it did not add the felon-in-possession statute to the list of statutory exceptions in the felony-firearm statute. See *id*.; *Dillard*, 246 Mich App at 168.

Defendant also argues that the Michigan Supreme Court overlooked the fact that the felon-in-possession law was passed after the felony-firearm statute. However, the Michigan Supreme Court in *Calloway* cited to *Dillard* in determining that the Legislature intended that a defendant may be convicted of both felon-in-possession and felony-firearm. *Calloway*, 469 Mich at 451-452. As discussed above, this Court contemplated the fact that the felon-in-possession law was passed after the felony-firearm statute in *Dillard*. *Dillard*, 246 Mich App at 168. Therefore, defendant's argument fails. For the reasons stated above, defendant was properly convicted of both felon-in-possession and felony-firearm. See *Calloway*, 469 Mich at 452; *Mitchell*, 456 Mich at 698; *Dillard*, 246 Mich App at 167-168.

Defendant next argues that the trial court erred when it sentenced him to consecutive sentences for his felony-firearm conviction and carrying a concealed weapon conviction. We agree.

"For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *Metamora Water Serv, Inc*, 276 Mich App at 382. Defendant did not raise the issue in the trial court. Therefore, the issue is unpreserved. See *id*.

Since defendant failed to preserve his claim, this Court reviews the unpreserved nonconstitutional claim for plain error affecting the defendant's substantial rights. *Carines*, 460 Mich at 763. As stated above, in order to establish plain error, the defendant must establish the following: "1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. With regard to the last requirement, the defendant must show prejudice, meaning that the error affected the outcome in the trial court. *Id*.

MCL 750.227b(2) provides:

A term of imprisonment prescribed by this section is in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony, and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony.

"A consecutive sentence may be imposed only if specifically authorized by law." *People v Gonzalez*, 256 Mich App 212, 229; 663 NW2d 499 (2003). The felony-firearm statute does not permit the trial court to sentence a defendant to consecutive sentences for felony-firearm and another offense that is not the underlying offense for the felony-firearm conviction. *People v Clark*, 463 Mich 459, 464; 619 NW2d 538 (2000). In *People v McCrady*, 213 Mich App 474, 486; 540 NW2d 718 (1995), this Court held that the defendant was improperly sentenced to consecutive sentences for his felony-firearm and carrying a concealed weapon convictions since there is no statute that mandates that the sentences run consecutively. See also *People v Cortez*, 206 Mich App 204, 206; 520 NW2d 693 (1994) (holding that the defendant's sentence for carrying a concealed weapon could not run consecutive to his sentence for felony-firearm since carrying a concealed weapon cannot be the underlying offense for felony-firearm).

Here, defendant was sentenced to five years' imprisonment for his felony-firearm conviction consecutive to concurrent sentences of one to five years' imprisonment for his felon-in-possession conviction and one to five years' imprisonment for his carrying a concealed weapon conviction. As discussed above, felon-in-possession was the underlying offense for defendant's felony-firearm conviction. The offense of carrying a concealed weapon is specifically excluded as a potential underlying offense for a felony-firearm conviction. See MCL 750.227b. Therefore, the trial court erred when it sentenced defendant to consecutive sentences for carrying a concealed weapon and felony-firearm. See *Clark*, 463 Mich at 464; *McCrady*, 213 Mich App at 486; *Cortez*, 206 Mich App at 206. The error also affected the outcome in the trial court since defendant was sentenced to consecutive sentences, instead of concurrent sentences, for his felony-firearm and carrying a concealed weapon convictions. See *Carines*, 460 Mich at 763. Defendant is entitled to amendment of his judgment of sentence.

Defendant's convictions are affirmed, but the matter is remanded to correct the judgment of sentence to reflect the fact that defendant's felony-firearm sentence should run consecutively to his felon-in-possession sentence and concurrently with his carrying a concealed weapon sentence. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Peter D. O'Connell

-6-