# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

CASHMERE ANTOINE SIMMONS,

       Defendant-Appellant.

UNPUBLISHED
February 18, 2016

No. 323918
Wayne Circuit Court
LC No. 14-000273-FC

Before: GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with intent to murder (AWIM), MCL 750.83, felonious assault, MCL 750.82, two counts of reckless driving causing serious impairment of a body function (reckless driving), MCL 257.626(3), two counts of failure to stop at the scene of an accident resulting in serious impairment of a body function or death (failure to stop), MCL 257.617(2), carrying a concealed weapon (CCW), MCL 750.227(2), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to 14 to 25 years' imprisonment for the AWIM conviction, two to four years' imprisonment for the felonious assault conviction, three to five years' imprisonment for both reckless driving convictions, three to five years' imprisonment for both failure to stop convictions, three to five years' imprisonment for the CCW conviction, and two years' imprisonment for the felony-firearm conviction. All of the sentences, with the exception of the felony-firearm sentence, were ordered to be served concurrently to each other but consecutive to the felony-firearm sentence. We affirm defendant's convictions and sentences, but remand for entry of an amended judgment of sentence ordering defendant's CCW and felony-firearm sentences to be served concurrently.

This case arises from an incident in which defendant hit a child with his car and further proceeded to strike another vehicle. The child and the driver of the other vehicle were injured in the accident. After hitting the child and the other car, defendant got out of his car and began walking away from the scene of the accident. Detroit Police Officer Michael Gordon, who happened to live near the scene, heard the collisions from his house. Although he was off duty at the time, he went outside to investigate. After being told by various bystanders that defendant was attempting to flee, Officer Gordon started to follow defendant. Defendant insisted that he was not the driver of the vehicle that caused the accident, but agreed to go back to the scene to assist the victims. As Officer Gordon and defendant were about to turn around to go back,

-1-

defendant suddenly darted away. Officer Gordon yelled at defendant that he was a police officer, and defendant, in response, shot at Officer Gordon with a .45-caliber Taurus pistol from approximately 30 feet away. The two men exchanged gunfire, and the shootout ended when defendant was hit with a bullet and fell to the ground.

Defendant first argues that his judgment of sentence should be amended so that his felony-firearm sentence is served concurrently with his CCW sentence. We agree.

"For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Here, defendant's trial counsel failed to raise any objections during sentencing. When the trial judge stated that the felony-firearm sentence was to be served consecutively with the remaining sentences, no objections were made. Therefore, this issue is not preserved for appellate review. See *id*.

Unpreserved claims of error are reviewed for plain error affecting substantial rights. *People v Stevens*, 306 Mich App 620, 623; 858 NW2d 98 (2014). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). A plain error will generally affect substantial rights when there is a showing of prejudice—"that the error affected the outcome of the lower court proceedings." *Id*. Once the three findings for plain error are met, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763 (citation and quotation marks omitted; second alteration in original).

MCL 750.227b(1), the felony-firearm statute, provides, in relevant part:

A person who carries or has in his or her possession a firearm when he or she commits or attempts to commit a felony, except a violation of [MCL 750.223, MCL 750.227, MCL 750.227a, or MCL 750.230], is guilty of a felony and shall be punished by imprisonment for 2 years.

MCL 750.227b(3) provides:

A term of imprisonment prescribed by this section is in addition to the sentence imposed for the conviction of the felony or the attempt to commit the felony and shall be served consecutively with and preceding any term of imprisonment imposed for the conviction of the felony or attempt to commit the felony.

MCL 750.227(2) provides:

A person shall not carry a pistol concealed on or about his or her person, or, whether concealed or otherwise, in a vehicle operated or occupied by the person, except in his or her dwelling house, place of business, or on other land possessed by the person, without a license to carry the pistol as provided by law

-2-

and if licensed, shall not carry the pistol in a place or manner inconsistent with any restrictions upon such license

This Court has held that "a defendant is not guilty of felony[-]firearm if the underlying felony is the carrying of a concealed weapon." *People v Cortez*, 206 Mich App 204, 207; 520 NW2d 693 (1994). Furthermore, "[a]lthough the presence of a second underlying felony allows defendant's felony-firearm conviction to stand, it follows that the felony-firearm sentence may run consecutively only to that second underlying felony." *Id*. (citation omitted).

The trial court erred in ordering defendant's felony-firearm sentence to run consecutively to the remaining sentences, which include the sentence for defendant's CCW conviction. In fact, defendant cannot be guilty of felony-firearm on the basis of an underlying CCW conviction. See *Cortez*, 206 Mich App at 207. However, the felony-firearm conviction still stands because the other convictions may serve as the proper predicate offense for the felony-firearm conviction.[1] See *id*. Yet, the CCW sentence must run concurrently to the felony-firearm sentence. See *id*. The error affected the outcome in the trial court since defendant would have been sentenced to concurrent sentences for the felony-firearm and CCW convictions. See *Carines*, 460 Mich at 763. Accordingly, remand to the trial court for entry of an amended judgment of sentence is warranted. See *id*.

Next, defendant argues that the prosecution failed to present sufficient evidence that he had the intent to kill—a required element of AWIM. We disagree.

We review de novo a claim that there was insufficient evidence to support a conviction. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). This Court views the evidence in "the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt." *Id*. Furthermore, "a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). Additionally, "circumstantial evidence and reasonable inferences arising from [the] evidence can constitute satisfactory proof of the elements of a crime." *People v Lee*, 243 Mich App 163, 167-168; 622 NW2d 71 (2000).

The elements of AWIM are "(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *People v Henderson*, 306 Mich App 1, 9; 854 NW2d 234 (2014). This Court has held that the second element—intent to kill—"may be inferred from all the facts in evidence, including the use of a deadly weapon." *Id*. at 11. Furthermore, "[m]inimal circumstantial evidence is sufficient to show an intent to kill, and that evidence can include a motive to kill, along with flight and lying, which may reflect a consciousness of guilt." *Id*.

---

[1] AWIM, felonious assault, reckless driving, and failure to stop are proper underlying felonies for the felony-firearm conviction. See MCL 750.227b(1) and (3).

Sufficient evidence was presented to support a finding that defendant intended to kill Officer Gordon. First, defendant used a "deadly weapon"—a .45-caliber Taurus pistol. Defendant fired at least two shots toward Officer Gordon. Furthermore, defendant fired his weapon toward Officer Gordon at very close range—a mere 30 feet. Therefore, a rational jury could have found that defendant's discharge of a gun toward Officer Gordon at close range evinced a clear intent to kill. See *Henderson*, 306 Mich App at 9, 11.

We affirm defendant's convictions and sentences, but remand to the trial court for entry of an amended judgment of sentence ordering defendant's CCW and felony-firearm sentences to be served concurrently. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Douglas B. Shapiro