# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

WILLIAM ANTHONY CRUMP,

Defendant-Appellant.

UNPUBLISHED
December 16, 2014

No.  316583
Wayne Circuit Court
LC No.  11-012644-FH

Before:  DONOFRIO, P.J., and FORT HOOD and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of three counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a) (victim at least 13 years of age and under 16 years of age), three counts of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(a) (victim at least 13 years of age but less than 16 years of age and actor more than five years older than victim), and one count of accosting a child for an immoral purpose, MCL 750.145a.  Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to concurrent sentences of 25 to 42 years' imprisonment for the CSC-III convictions, one to two years' imprisonment for the CSC-IV convictions, and 2 to 15 years' imprisonment for the accosting a child for immoral purposes conviction.  We affirm.

Defendant first argues that that the trial court erred when it denied defendant's motion for a new trial because defendant's trial counsel was ineffective in that he failed to inform defendant of the prosecution's final plea offer.  As such, the trial court should have allowed defendant to accept the previously offered plea deal.  We disagree.

This Court reviews a trial court's decision to deny a defendant's motion for a new trial for an abuse of discretion.  *People v Russell*, 297 Mich App 707, 715; 825 NW2d 623 (2012).  This Court reviews "the trial court's findings of fact at a *Ginther*[1] hearing for clear error, and review[s] questions of constitutional law de novo."  *Id*. (citation omitted).  "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v McDade,* 301 Mich App 343, 356; 836 NW2d 266 (2013).  In the application of this

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

principle, this Court must give due regard "to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *People v Dendel*, 481 Mich 114, 130; 748 NW2d 859 (2008), amended 481 Mich 1201 (2008), quoting MCR 2.613(C).

A defendant has the right to the effective assistance of counsel during plea negotiations. *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014). A defendant must show "(1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. (internal quotation marks and citation omitted). "[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused," and defense counsel does not provide effective assistance if he or she does not communicate a formal plea offer to the defendant. *Missouri v Frye*, 566 US ___; 132 S Ct 1399, 1408; 182 L Ed 2d 379, 384 (2012). A defendant must also show:

> [T]hat but for the ineffective advice of counsel [1] there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), [2] that the court would have accepted its terms, and [3] that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed. [*Douglas*, 496 Mich at 592, quoting *Lafler v Cooper*, 566 US ___; 132 S Ct 1376, 1385; 182 L Ed 2d 398, 407 (2012) (internal quotation marks omitted).]

After defendant's trial, defendant filed a motion for reversal of his convictions and for entry of a plea-based conviction, or for a *Ginther* hearing and a new trial. Defendant argued that he was not aware of the final plea offered by the prosecution until he received his trial attorney, Robert Slameka's, response to a grievance filed by defendant. A *Ginther* hearing was held, and the trial court ultimately denied defendant's motion. The trial court found that Slameka informed defendant of the final plea offer. The offer was for one to two years' imprisonment for attempted accosting and soliciting of a minor. Defendant rejected the offer because he wanted an offer that included only one year in the Wayne County Jail. Testimony presented at the hearing supported the trial court's findings. Several witnesses, including Slameka, defendant's former attorney Larry Polk, and the prosecutor Kevin Clark, among others, testified that defendant refused the final offer because he only wanted to serve time in jail (a maximum of less than two years), or "county time." Accordingly, the trial court did not clearly err in denying defendant's requests.

Defendant's primary complaint on appeal is that the trial court erroneously accepted the testimony of Slameka, Clark, Polk, and other witnesses presented by the prosecution as opposed to defendant's testimony and evidence. According to defendant, the testimony presented by the prosecution at the *Ginther* hearing was inconsistent. However, all of the witnesses at the *Ginther* hearing, other than defendant, testified that Slameka informed defendant of the final plea offer and defendant rejected the offer because he wanted a sentence of one year of "county time." The testimony was only inconsistent with regard to *when* defendant learned of the final plea offer. This Court defers to the trial court on matters of witness credibility because the trial court has the

ability to observe the witnesses. *Dendel,* 481 Mich at 130; MCR 2.613(C). Moreover, while defendant presented evidence that he claimed contradicted the prosecution's evidence, we are not convinced. Defendant presented evidence that on August 30, 2012, he submitted a telephone request to Tameka Lacy, asking that she contact Slameka. "Tell him that if I was offered 1 to 2 yrs [sic] I want to accept that plea before trial. Tell her to ask him why wouldn't [sic] he tell me this info." Defendant asserts that his telephone call request would "make no sense" if defense counsel had informed him of the final plea offer. However, defendant may have forgotten that Slameka informed him of the plea offer or defendant could have changed his mind seeing as it had been over a week since August 16, 2012, the date when the prosecutor stated he made the final plea offer. Therefore, defendant's telephone call request is not entirely inconsistent with Slameka's testimony. Defendant also points out that he consistently attempted to accept the final plea offer after receiving defense counsel's response letter to the grievance defendant filed. However, defendant's attempts to accept the offer occurred after the prosecution was able to obtain the testimony of key witnesses, and, thus, the offer was no longer available. For these reasons, we are not left with a definite and firm conviction that the trial court committed clear error in its finding of facts. *McDade,* 301 Mich App at 356.

Even assuming the trial court did err, defendant did not show prejudice. See *Douglas*, 496 Mich at 592. While defendant may have shown a reasonable probability that he would have accepted the plea offer[2] and that the conviction and sentence would have been less severe had he accepted the plea, he cannot show a reasonable probability that the trial court would have accepted the final plea offer. *Id*. Judge Callahan, the trial judge, noted at the *Ginther* hearing that he does not accept a plea agreement after the final conference, which took place in this case on February 24, 2012, and the final plea offer was made on August 16, 2012. Moreover, even assuming the prosecution offered the final plea agreement while Judge Hathaway, who presided over the pretrial proceedings, was on the case, defendant does not argue that Judge Hathaway would have accepted the terms of the final plea offer. Therefore, defendant fails to show prejudice and is not entitled to relief on this ground.

Defendant next argues that the trial court erred in having and leaving defendant handcuffed at trial. We disagree.

This Court reviews a preserved claim regarding the trial court's decision to leave a defendant in handcuffs during trial "for an abuse of discretion under the totality of the circumstances." *People v Payne*, 285 Mich App 181, 186; 774 NW2d 714 (2009). However, because defendant did not raise the issue in the trial court, this Court reviews the unpreserved, nonstructural constitutional error for plain error affecting defendant's substantial rights. *People*

---

[2] We note that it is questionable whether defendant established by a reasonable probability that he would have accepted the final plea offer. While defendant testified that he would have accepted the plea, other witnesses testified and the trial court found that defendant rejected the plea. Defendant did show that he would have accepted the plea on August 30, 2012; however, the plea was no longer available at that time because the prosecution had located key witnesses.

*v Carines*, 460 Mich 750, 763-765; 597 NW2d 130 (1999); *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007).

"Included within the right to a fair trial, absent extraordinary circumstances, is the right to be free of shackles or handcuffs in the courtroom." *Payne*, 285 Mich App at 186. A trial court may order that a defendant remain handcuffed during trial to "prevent escape, injury to persons in the courtroom or to maintain order." *Id.* (citation omitted). The phrase "maintain order" refers to the trial court's ability to "maintain a quiet and peaceable trial." See *People v Dunn*, 446 Mich 409, 426; 521 NW2d 255 (1994) (citation omitted). Even if a trial court abuses its discretion in requiring a defendant to wear restraints, the defendant must also show that he was prejudiced to be entitled to relief. *Payne*, 285 Mich App at 186. A defendant is not prejudiced if the jury could not see the restraints. *Id.*; see also *Dunn*, 446 Mich at 411 (holding that where the record did not show that the jury could see the defendant's restraints, there was no basis to find that the defendant was denied a fair trial).

The trial occurred on September 19, 2012, and September 20, 2012. Before the jury was brought into the courtroom, the trial court noted that defendant was in handcuffs because he was "being mouthy and giving the deputies trouble." The jury was then brought into the courtroom. Defendant claims that the trial court abused its discretion in requiring defendant to wear handcuffs. However, the trial court indicated that defendant was causing trouble for the deputies and was "being mouthy." The trial court directed the court reporter to note the issue on the record, which indicates that defendant's actions toward the deputies were the reason he was handcuffed. The trial court sufficiently established that handcuffs were necessary to maintain peace and quiet in the courtroom since defendant may have continued to interfere with the deputies' duties and interrupt trial. See *Payne*, 285 Mich App at 186.

Even assuming the trial court abused its discretion, defendant does not show that he was prejudiced. There was no evidence that the jury witnessed the handcuffs. A defendant has the burden to show that the handcuffs were visible to the jury. See *Dunn*, 446 Mich at 411; *Payne*, 285 Mich App at 186. Defendant notes that he was required to stand when the jury entered and exited the courtroom and that the jury could have observed his handcuffs at that time. However, the prosecution does not stipulate to the fact that the handcuffs were visible. The record also does not indicate whether the jury passed defendant while it was entering and exiting the courtroom or whether the handcuffs were visible to the jury. Defendant's assertion is speculative, at best, particularly in light of the fact that his trial attorney did not object. Furthermore, even if the jury may have inadvertently seen the handcuffs, defendant did not question the jurors regarding whether they had observed defendant in handcuffs. See *People v Horn*, 279 Mich App 31, 37; 755 NW2d 212 (2008). Therefore, defendant fails to show prejudice because there is no indication in the record that any member of the jury observed defendant in handcuffs. See *Dunn*, 446 Mich at 411; *Payne*, 285 Mich App at 186; *Horn*, 279 Mich App at 37.

We further reject defendant's assertion that Slameka was ineffective because he failed to object to the trial court's decision to leave defendant handcuffed during trial. First, we note that a *Ginther* hearing was held in this matter, and defendant did not raise this issue at the hearing. Therefore, this issue is unpreserved. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). This Court reviews an unpreserved claim of ineffective assistance of counsel for

"mistakes apparent on the record." *Id.* at 410. The trial court did not err in deciding to have defendant remain in handcuffs during the trial, discussed *supra*. Thus, Slameka's objection to the trial court's decision would have been meritless, and defense counsel is not ineffective for failure to advocate a meritless position. See *Payne*, 285 Mich App at 191. Finally, the record does not show that the jury observed the handcuffs. See *id.* (holding that the defense counsel was not ineffective for failing to object to the defendant wearing leg shackles during trial because the defendant failed to show that the jury observed the shackles). Thus, defendant's claim lacks merit.

Affirmed.

/s/ Pat M. Donofrio
/s/ Karen M. Fort Hood
/s/ Douglas B. Shapiro