PEOPLE v METAMORA WATER SERVICE, INC

Docket No. 268346. Submitted June 5, 2007, at Detroit. Decided August
2, 2007, at 9:00 a.m. Leave to appeal denied, 480 Mich ___.

Metamora Water Service, Inc., was cited under MCL 257.255 for
failing to have a valid Michigan registration on a water truck
used in its business of drilling and repairing wells. The 71-A
District Court, Laura Cheger Barnard, J., dismissed the cita-
tion, concluding on the basis of an opinion issued by the judge
of another district court that Metamora's water truck was
exempt from the registration requirements of the Michigan
Vehicle Code under MCL 257.62 and 257.216, which provide
exemptions for special mobile equipment. The prosecution
applied for leave to appeal in the Lapeer Circuit Court. The
circuit court, Nick O. Holowka, J., denied leave to appeal,
concluding that the prosecution had not raised in the district
court the issue whether the district court improperly relied on
the opinion of another district court and that the circuit court
was precluded from reviewing that issue. The prosecution
appealed by leave granted.

The Court of Appeals *held*:

The circuit court erred by denying the prosecution leave to
appeal. For an issue to be preserved for appellate review, it must be
raised, addressed, and decided by the lower court. An appellate
court may nonetheless decide an issue not decided by the lower
court, however, if the lower court record contains all the facts
necessary to resolve the issue. In this case, MCL 257.62 was
discussed before the district court, and the prosecution raised the
question of Michigan Supreme Court precedent that was binding
on the district court, unlike the opinion of another district court.
The prosecution preserved the issue. Moreover, an appellate court
may disregard the issue-preservation requirements if the failure to
consider an issue would result in manifest injustice. Because two
counties would fail to enforce the statutory registration require-
ments on the authority of a 1995 district court decision, disparate
application of the statute within Michigan would occur in the
absence of appellate review. While MCL 257.216 exempts special
mobile equipment from the vehicle-registration requirements,

Metamora's water trucks do not meet the definition of "special mobile equipment" in MCL 257.62, which requires that the equipment not be designed or used primarily for the transportation of persons or property and be incidentally operated or moved on the highways. Metamora's water trucks are designed and used to transport property and operate on a regular basis on Michigan roads.

Reversed and remanded.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Byron J. Konschuh*, Prosecuting Attorney, and *Thomas H. Sparrow*, Assistant Prosecuting Attorney, for the people.

*Michael J. Sharkey* for the defendant.

Before: BANDSTRA, P.J., and ZAHRA and FORT HOOD, JJ.

PER CURIAM. The prosecution appeals by leave granted the circuit court's order denying the prosecution leave to appeal a decision of the district court. We reverse and remand for proceedings consistent with this opinion.

On May 23, 2005, at 5:30 p.m., a truck driven by a representative of defendant, Metamora Water Service, Inc., was ticketed by Michigan State Police Officer Jeff Boller for failing to have a valid Michigan registration, in violation of MCL 257.255. However, defendant alleged that it was not required to register the vehicle because of the statutory exemption for special mobile equipment found in MCL 257.62 and 257.216(d). The parties briefed the issue of the applicability of the statutory exemption and submitted the following stipulated facts to the district court:

1. Metamora Water Service is lawfully engaged in the business of drilling and repairing commercial and residential wells.

2. In the course of it's [sic] lawful business Metamora Water Service operates vehicles which are commonly known as "Water Trucks", three representative photographs of which are attached hereto as Exhibits 1, 2, and 3.

3. Metamora Water Service uses its Water Trucks for the purpose of transporting water to the sites of its well operations.

4. Metamora Water Service uses its Water Trucks on a daily, or semi-daily basis, in the course of transporting water to the sites of its well operations.

5. Metamora Water Service operates its Water Trucks on any and all roads and or highways open to the public in Lapeer County.

6. Metamora Water Service loads additional material and equipment on its Water Trucks in the course of transporting water to the sites of its well operations.

7. The additional material and equipment which Metamora Water Service loads on its Water Trucks is well pipe, grout, and electrical generators.

8. The additional material and equipment which Metamora Water Service loads on its Water Trucks in [sic] used in the course of Metamora Water Service's well operations.

On August 22, 2005, the district court heard oral arguments regarding defendant's motion to dismiss the citation. The prosecutor argued that the case was submitted on stipulated facts and that the facts revealed that defendant violated state law by failing to license its water trucks. He asserted that the application of caselaw from the Michigan Supreme Court to the factual situation at hand revealed that the dispatch of defendant's vehicles over the highways in the course of the performance of its work required the vehicles to be licensed. The defense asserted that the vehicles were not licensed, did not need to be licensed because of the policy directives of the Secretary of State, and did not

have plates.[1] Defendant submitted a decision rendered by a district judge in another county to support its position that licensing was not required.

The prosecutor acknowledged the district court decision, but stated that, according to representatives of the state police, that court was located in the only county in the state of Michigan that did not enforce the statute at issue. The prosecutor continued to assert that published Michigan caselaw, as applied to the stipulated facts, revealed that defendant's trucks did not satisfy the exemption requirements and, therefore, must be registered with the state. The district court did not address the Michigan Supreme Court decision cited and held:

> Looking at the Exhibits that were put with a motion, they do look like trucks. They're huge. The bed of them is specially constructed to carry a lot of water that is used in the well drilling process.

> But . . . I've got to look at what has been decided before me in this State. I've looked at the Attorney General's Opinions, and I'm looking at the District Court Order regarding the Motion to Dismiss from back in 1995. That case is right on point with respect to what I've got in front of me. And unless I see something in the future from the Attorney General or something from the Legislature that specifically says that the water tank [sic] need[s] to be registered, along with other commercial trucks, I'd be more

---

[1] Upon questioning by the district court, defense counsel stated that plates were optional according to the Secretary of State and the defendant's vehicles "do not" have plates and were not required to have plates. Specifically, defense counsel stated, "We believe we're permitted to drive without any type of plate." However, review of the citation issued reveals that the state police officer recorded the vehicle as having plate number "ZW4438." Additionally, review of the photographs of the truck at issue reveal that a license plate is present on the rear of the truck, although the license plate number is not completely visible in the photograph.

than happy to enforce it at that point in time. But based on what I've got in front of me I've got to grant [defendant's] Motion to Dismiss.

So you bring me something else from the [Attorney General's] office and let our local well drillers know what's happening, no problem here. But, I've got to go with what we have. And without something specific from the Attorney General's Office or something from the Legislature helping me out here, I'm granting the Motion to Dismiss.

The prosecution filed an application for leave to appeal in the circuit court. The prosecution filed a brief with the application that contained the following statement of the issue:

SHOULD THE DECISION OF THE 71-A DISTRICT COURT BE REVERSED, WHEN THE DECISION RELIED ON AN ERRONEOUS OPINION FROM THE 88TH DISTRICT COURT, AND THE DEFENDANT'S WATER TRUCKS DO NOT MEET THE GENERAL DEFINITIONAL REQUIREMENTS OF SPECIAL MOBILE EQUIPMENT?

Defendant filed a brief in opposition, asserting that the claimed error presented to the circuit court was not raised before the district court and, therefore, should not be considered by the circuit court on appeal. After hearing oral argument regarding the application for leave to appeal, the circuit court ruled:

On May 23, 2005 Defendant/Appellee Metamora Water Services was cited for operating it's [sic] well drilling water truck on Lake Nepessing Road in Lapeer, Michigan without a valid registration plate. The People of the State of Michigan argue that the water truck does not fall under the exempt status because Metamora Water Services, Incorporated transports to construction sites well pipe, grout and an electrical generator on its water truck.

The Defendant contested the ticket on the ground that it's [sic] water truck constitutes special mobile equipment

under MCL 257.62, which states in pertinent part "Special mobile equipment means every vehicle not designed or used primarily for the transportation of persons or property and incidentally operated or moved over the highways including farm tractors, road construction or maintenance machinery, mobile office trailers, mobile tool shed trailers, mobile trailer units used for housing stationary construction equipment, ditch digging apparatus and well boring and well servicing apparatus. The foregoing enumeration shall be considered partial and shall not operate to exclude other vehicles which are within the general terms of this definition. Although not within the general terms of this definition, the combination of a mobile car crusher, trailer permanently attached to a truck tractor or road tracker shall be considered special mobile equipment for purposes of this act."

On August 25, 2005 a hearing was conducted in the District Court which dismissed the ticket based on a 1995 opinion from the 88th District Court for Alpena, Michigan where the Court concluded that water trucks are special mobile equipment and stated in pertinent part the three tests enumerated need only be applied when a vehicle is not specifically . . . classified as a special mobile equipment under MCL 257.62—and that's the People v Pure [W]ater Well Drilling opinion.

The question that the Plaintiff/Appellant asked this Court to review was not asked and reviewed in the District Court; in particular, whether the District Court relied on an erroneous opinion from the 88th District Court and that the Defendant's water trucks do not meet the general definition requirements of special mobile equipment.

MCR 7.101(A)(3) limits an appeal to questions presented to the lower Court first before the decision of the lower Court can be reviewed by the appellate Court. It was held in People v Wetstone [sic] 119 Mich App 546, among many, that a claim on appeal which was not raised in trial cannot be considered in the appellate court unless a clear injustice is demonstrated.

The Court finds that not applicable hear [sic]; hence, the appeal is considered and denied.

We granted the prosecution's application for leave to appeal.

The prosecution first alleges that the circuit court erred in denying leave to appeal. We agree. For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court. *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 443; 695 NW2d 84 (2005). However, when the lower court record contains all the facts necessary to resolve an issue, the appellate court may nonetheless decide an issue not decided by the trial court. *Id.* at 443-444. In the present case, the parties questioned the applicability of statutory law to a stipulation of facts. In the context of raising the issue before the trial court, MCL 257.62 was discussed. The prosecutor also raised the question of binding precedent set forth in a Michigan Supreme Court decision. In contrast, the defense asserted that the exemption applied and cited the opinion of a different district judge that did not constitute binding precedent. See *People v Hunt*, 171 Mich App 174, 180; 429 NW2d 824 (1988) (stating that a court is not bound by a decision of a court of concurrent jurisdiction, but must follow the published decisions of the Court of Appeals and the Michigan Supreme Court). In response, the prosecutor noted that the decision was not applied statewide, but was limited to the county where the district court opinion was rendered, whereas the legislative language and Michigan Supreme Court decision were binding on the district court.

Review of the record reveals that the prosecution complied with the rules of preservation, and the circuit court erred in denying leave to appeal. The issue of the application of statutory law was raised, addressed, and

decided in the district court. The district judge opted not to independently examine the language of the statute at issue and did not discuss the merits of Supreme Court precedent, but apparently found the nonbinding decision of another district judge to be persuasive.

The circuit court held that dismissal was appropriate under MCR 7.101(A)(3). MCR 7.101 governs the procedure for an appeal from the district court to the circuit court and provides:

> (A) Applicability; Scope.
>
> (1) This rule applies to appeals to the circuit court from the district court and probate court, each referred to as "trial court" in MCR 7.101 and 7.103. The term "circuit court" includes the Recorder's Court of the City of Detroit as to appeals of which that court has jurisdiction. In appeals from probate court, the term "clerk" refers to the probate register.
>
> (2) An order or judgment of a trial court reviewable in the circuit court may be reviewed only by an appeal.
>
> (3) This rule does not restrict or enlarge the right of review provided by law or make an order or judgment reviewable if it is not otherwise reviewable.

MCR 7.103(A)(3) provides that it does not restrict the "right of review provided by law . . . ." Caselaw provides that an issue is preserved for appellate review when the issued was raised, addressed, and decided by the lower court. *Hines, supra* at 443; *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 95; 693 NW2d 170 (2005). Moreover, issue-preservation requirements may be disregarded by the appellate court if the failure to consider the issue would result in manifest injustice. *Polkton, supra* at 95-96. In the present case, the circuit court was apprised, on the basis of the lower court record, that enforcement of the registration requirements was not

uniformly applied in the state. Formerly, one county did not enforce the statute on the authority of a 1995 district court decision, and now a second county would not enforce the statute. Therefore, disparate application of the statute would occur, contingent on jurisdiction and location, unless a higher court examined the statute at issue. Both business owners and the state police should be aware of the criteria for registration and enforcement of MCL 257.255 and the exemption provision found in MCL 257.62 and 257.216. Therefore, the circuit court erred in failing to reach the preserved issue raised in the application for leave to appeal. The prosecutor asserted that binding Michigan precedent should be followed by the district court in lieu of a nonbinding decision by a fellow district judge, and it followed that by failing to follow binding precedent, if applicable, the district court erred.

MCL 257.216 addresses vehicles that are subject to registration and certification provisions and provides in relevant part:

> Every motor vehicle, pickup camper, trailer coach, trailer, semitrailer, and pole trailer, when driven or moved upon a highway, is subject to the registration and certificate of title provisions of this act except the following:

> * * *

> (d) Special mobile equipment for which the secretary of state may issue a special registration to an individual, partnership, corporation, or association not licensed as a dealer to identify the equipment when being moved over the streets and highways upon payment of the required fee.

MCL 257.62 defines "special mobile equipment" as

> every vehicle not designed or used primarily for the transportation of persons or property and incidentally operated or moved over the highways, including farm tractors, road

construction or maintenance machinery, mobile office trailers, mobile tool shed trailers, mobile trailer units used for housing stationary construction equipment, ditch-digging apparatus, and well-boring and well-servicing apparatus. The foregoing enumeration shall be considered partial and shall not operate to exclude other vehicles which are within the general terms of this definition. Although not within the general terms of this definition, the combination of a mobile car crusher trailer permanently attached to a truck tractor or road tractor shall be considered special mobile equipment for purposes of this act.

Statutory questions are subject to review de novo. *People v Peals*, 476 Mich 636, 640; 720 NW2d 196 (2006). The function of a reviewing court resolving disputed interpretations of statutory language is to effectuate the legislative intent. *People v Valentin*, 457 Mich 1, 5; 577 NW2d 73 (1998). When the language of the statute is clear, the Legislature intended the meaning plainly expressed, and the statute must be enforced as written. *Id.* There is a presumption that every word has some meaning, and we must avoid any construction that would render any part of the statute surplusage or nugatory. *People v Borchard-Ruhland*, 460 Mich 278, 285; 597 NW2d 1 (1999). A stipulation is an agreement, admission, or concession made by the parties in a legal action with regard to a matter related to the case. *Staff v Johnson*, 242 Mich App 521, 535; 619 NW2d 57 (2000). The parties may enter into a stipulation to avoid delay, trouble, and expense. When the parties stipulate a set of facts, the stipulated facts are binding on the court, but stipulations of law are not binding. *Id.*

The plain language of MCL 257.62, as applied to the stipulated facts, reveals that defendant does not qualify for the statutory exemption. MCL 257.62 provides that special mobile equipment is "not designed or used primarily for the transportation of persons or property

and incidentally operated or moved over the highways . . . ." Review of the stipulated facts reveals that the water trucks transport water, well pipe, grout, and electrical generators. Review of the photographs of the vehicle in question reveals that it carries a significant amount of material for use in defendant's water business and appears to be a common commercial truck. Additionally, the stipulated facts provide that the water trucks are used on a daily or almost daily basis and travel on any and all roads or highways open to the general public. This usage on a daily or almost daily basis does not satisfy the incidental-usage requirement of the exemption. Thus, the water trucks are designed and used to transport property and operate on a regular basis on Michigan roads in the course of the performance of the work. This is contrary to the criteria for claiming the statutory exemption. See MCL 257.62. Therefore, the district court erred in dismissing the citation at issue. See *Valentin, supra* at 5.

This plain-language interpretation of the statute is consistent with Supreme Court precedent. In *Davidson v Secretary of State*, 351 Mich 4; 87 NW2d 131 (1957), the plaintiff, a contractor engaged in building highways and bridges exclusively for the state or municipal agencies, filed a declaratory action seeking a ruling regarding the registration provisions of MCL 257.216 and the exemption for special mobile equipment. The plaintiff's equipment was known as "batching trucks," which consisted of standard Reo chassis with mounted steel bins and compartments to hold and release mixed concrete. These trucks were used to transport concrete mix from the mixing plant to the highway location where paving was being done. Although the mixing plant was near the highway construction, the trucks traveled over service roads and highways open for

public travel, and the number of trips made extended into the hundreds. *Id.* at 6-7.

The Supreme Court rejected the plaintiff's contention that the batching trucks were exempt from the registration requirements, holding that the trucks at issue were "motor vehicles driven upon a highway and, therefore, subject to its registration requirements unless expressly exempted." *Id.* at 8. The plaintiff asserted that the equipment was exempt because the statute provided that "special mobile equipment" included "road construction or maintenance machinery." The Supreme Court rejected that contention, noting that the statute began with the general definition of "special mobile equipment" as "every vehicle not designed or used primarily for the transportation of persons or property and incidentally operated or moved over the highways . . . ." *Id.* at 8-9. Although the statute went on to list examples of items that would qualify as special mobile equipment, including "farm tractors, road construction or maintenance machinery," and other items, the Supreme Court held that the general definition must be satisfied first before the enumerated vehicles could be considered to come within the terms of the definition. *Id.* at 9. Therefore, even if the batching trucks constituted road construction machinery, they failed to meet the general design or use requirements to qualify for the exemption. *Id.*

Thus, when faced with the issue of the applicability of the statutory exemption of MCL 257.62, the lower courts have the benefit of the plain language of the statute and the guidance of the *Davidson* decision to determine whether an entity uses special mobile equipment that qualifies for the exemption from registration. It is the duty of the Supreme Court to overrule or modify caselaw if and when it becomes obsolete, and the

Court of Appeals and the lower courts are bound by the precedent established by the Supreme Court until it takes such action. *Boyd v W G Wade Shows*, 443 Mich 515, 523; 505 NW2d 544 (1993), overruled on other grounds *Karaczewski v Farbman Stein & Co*, 478 Mich 28 (2007). Accordingly, we reverse the district court's dismissal of the citation and remand the case to that court for proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.