# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
August 20, 2015

v

No. 319484
Wayne Circuit Court
LC No. 13-005961-FH

LAWRENCE ROBINSON,

Defendant-Appellant.

Before: OWENS, P.J., and SAAD and GADOLA, JJ.

PER CURIAM.

Defendant appeals his jury trial conviction for possession of cocaine in violation of MCL 333.7403(2)(a)(*v*). For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

On June 12, 2013, Detroit Police officers witnessed defendant participate in what looked to be a drug deal outside a business on Harper Avenue in Detroit. As the officers, who were driving down Harper in a marked police car, slowed down to get a better look at the participants, defendant immediately fled the scene. A policeman got out of the car and gave chase, repeatedly identifying himself as an officer and ordering defendant to stop.[1] During the pursuit, defendant pulled a bag out of his pocket, which contained a white substance, and threw it over the fence of an auto-repair shop. The Michigan State Police (MSP) later identified the substance in the bag to be cocaine.

The prosecutor charged defendant with possession of less than 25 grams of cocaine, in violation of MCL 333.7403(2)(a)(*v*). Defendant requested a jury trial, and the Wayne Circuit Court empaneled a jury to hear his case. At trial, which took place in October 2013, the jury heard testimony from multiple police officers, an employee of the auto-repair shop, and defendant himself.

---

[1] The police officer in question was wearing a police uniform that included a black shirt, labeled "police" on the chest and back. The officer also wore his badge visibly on his waist, next to his magazine and firearm.

-1-

Defendant denied that he had been engaged in a drug transaction. He claimed that he fled the scene on Harper Avenue because he did not know the police vehicle was an actual police vehicle, and believed that, due to the car's sudden stop, violence was about to ensue.[2] The jury obviously did not credit defendant's version of events, and found him guilty as charged.[3]

At the outset of our analysis, we take judicial notice of the fact that defendant has already been released on parole, and that his appellate counsel has accordingly withdrawn defendant's appeal. MRE 201(c). Defendant, however, has raised a host of issues in his Standard 4 brief that he has asked our Court to address, irrespective of his early release from prison. All of these issues are poorly stated and unsupported by the record, many are unpreserved, and only one merits discussion: whether defendant received ineffective assistance of counsel for his trial attorney's supposed "failures" to investigate defendant's assertions, obtain certain discovery materials, and challenge the admission of some evidence.[4]

---

[2] Defendant also devoted considerable time during his testimony to explanation of supposed video surveillance footage from a business owner near the crime scene, which he claimed demonstrated he was not involved in a drug deal on the day he was arrested. The video, which is not contained in the record on appeal, was viewed by the jury, and apparently is of very poor quality. According to the record available to our Court, it showed still images of the general area where defendant was arrested. Defendant acknowledged that the video did not depict all of the events leading to his arrest, and a police witness stressed that the video did not even show the area where defendant had engaged in the drug deal that gave rise to the chase.

[3] The trial court ultimately resentenced defendant after our Court permitted defendant to file a motion for resentencing. See *People v Robinson*, unpublished order of the Court of Appeals entered August 11, 2014 (Docket No. 319484). The details of the sentencing and resentencing were initially of import to this case, but are no longer of consequence, because defendant's counsel has withdrawn this argument due to defendant's release from prison.

[4] The additional claims raised by defendant are: (1) the police did not have probable cause to "engauge [sic] him"; (2) the police created an exigency to "engauge [sic] him"; (3) there were unspecified deficiencies in the complaint issued against him; (4) the prosecution did not disclose certain information during discovery; (5) the trial court improperly denied the jury's request for a transcript of a police witness's testimony; and (6) his conviction is against the great weight of the evidence.

These assertions are incoherently expressed and frivolous. The police did not need probable cause to pursue defendant, because their observation of defendant's body and hands in close proximity to another individual in a high crime area, coupled with defendant's flight from their arrival, provided the basis for an investigatory stop. Moreover, defendant's discarding of a bag containing a drug-like substance during the pursuit provided probable cause to arrest him. And because the trial court did not rely on an exigent circumstances exception to justify police conduct, defendant's claim that evidence obtained from the chase and arrest should be suppressed is without merit.

## II. ANALYSIS[5]

"To prove that defendant received ineffective assistance of counsel, he must show (1) that counsel's performance was deficient in that it fell below an objective standard of professional reasonableness and (2) that there is a reasonable probability that the outcome of the trial would have been different but for counsel's performance." *People v Roscoe*, 303 Mich App 633, 643-644; 846 NW2d 402 (2014). Effective assistance of counsel is presumed, and defendant bears the heavy burden of proving otherwise. *People v Johnson*, 293 Mich App 79, 90; 808 NW2d 815 (2011). A trial attorney's failure to call or question witnesses or present other evidence may constitute ineffective assistance if it deprives the defendant of a substantial defense. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012).

Here, defendant claims that his trial counsel erred when counsel stipulated to an MSP analysis of the plastic bag that contained the cocaine, which revealed no latent fingerprints. Defendant, without pointing to anything in the record that would sustain his assertions, says that there were fingerprints on the bag, and that his trial attorney should have refused to stipulate to the MSP analysis as a result. These claims have no merit whatsoever, and are flatly contradicted by the MSP analysis, which, again, revealed no latent fingerprints on the bag. As such, trial counsel's sensible argument that the bag had no fingerprints bolstered defendant's claim that he did not possess or throw the cocaine.

Defendant's other assertions about his counsel's supposedly ineffective performance are equally unavailing. Though defendant avers that his lawyer failed to obtain unspecified discovery evidence regarding the police vehicle used in the stop, he does not explain how this information would have advanced his case, nor does he indicate how it would counter the prosecution's overwhelming evidence that defendant *was* pursued and arrested by police officers who arrived in a marked vehicle. Likewise, the fact that defendant's lawyer did not call an MSP laboratory chemist to testify as to purported discrepancies in the amount of cocaine in the evidence bag, and the amount recovered from the bag at the scene does not show that the lawyer gave ineffective assistance.[6] In fact, testimony from the lab chemist might have *harmed*

In a similar vein, defendant fails to point to anything in the record that shows the complaint against him was deficient in any way. Nor is there anything in the record to substantiate defendant's claims that the prosecution did not comply with discovery. The trial court acted appropriately when it denied the jury's request for a transcript of a police witness's testimony, and correctly advised jurors that the court reporter could play back or repeat the testimony. And, finally, defendant does not even explain in the body of his "brief" how his conviction was against the great weight of the evidence—likely because his conviction *was not* against the great weight of the evidence, which overwhelmingly suggested his guilt.

[5] Because defendant did not raise these challenges to his attorney's performance in his motion for resentencing or otherwise, our review is limited to errors apparent on the record. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

[6] Defendant also wrongly asserts that defense counsel's decision not to call the MSP laboratory chemist who analyzed the cocaine violated his right to confront the witnesses against him. The chemist was actually named as a witness on the prosecution's witness list, but the parties stipulated to the admission of her laboratory report in lieu of calling her as a witness at trial,

defendant's case by explaining to the jury that such a discrepancy (if one actually existed) was a normal product of forensic analysis, and had nothing to do with defendant's supposed innocence. In sum, defendant has utterly failed to demonstrate that his counsel gave him ineffective assistance.

Affirmed.

/s/ Donald S. Owens
/s/ Henry William Saad
/s/ Michael F. Gadola

---

which eliminated the need to have her as a witness. *People v Metamora Water Serv, Inc*, 276 Mich App 376, 385; 741 NW2d 61 (2007).