# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

MARVIN KEITH BANBURY,

       Defendant-Appellant.

UNPUBLISHED
August 27, 2015

No. 319058
Wayne Circuit Court
LC No. 13-006785-FH

Before: GLEICHER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of operating while intoxicated, third offense, MCL 257.625(1), and operating with a suspended license, second offense, MCL 257.904(1). Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 46 months to 15 years' imprisonment for his operating while intoxicated conviction, and to one year imprisonment for his operating with a suspended license conviction. We affirm.

Defendant argues that the trial court plainly erred and committed reversible error when it administered the incorrect jury oath prior to trial. We disagree.

"For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Metamora Water Serv*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Defendant failed to raise the issue of an improper jury oath at trial. Thus, the issue is unpreserved. This Court reviews unpreserved issues for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Defendant contends that the trial court erred when administering the oath to the jury before trial because the court did not administer the oath in the form as defined in MCL 768.14 and MCR 2.511(H)(1). MCL 768.14 provides:

> The following oath shall be administered to the jurors for the trial of all criminal cases: "You shall well and truly try, and true deliverance make, between the people of this state and the prisoner at bar, whom you shall have in charge, according to the evidence and the laws of this state; so help you God."

Pursuant to MCR 6.412(A), MCR 2.511 governs the procedure for impaneling the jury. MCR 2.511(H)(1) provides:

-1-

The jury must be sworn by the clerk substantially as follows:

"Each of you do solemnly swear (or affirm) that, in this action now before the court, you will justly decide the questions submitted to you, that, unless you are discharged by the court from further deliberation, you will render a true verdict, and that you will render your verdict only on the evidence introduced and in accordance with the instructions of the court, so help you God."

The original transcript in this case provided that the trial court's clerk administered the following oath to the jury before trial:

> *THE CLERK:* Do you solemnly swear or affirm that you will truthfully and completely answer all questions about your qualifications to serve as jurors in this case, whom you shall have in charge according to the evidence and the laws of this state, so help you God?
>
> *JURY PANEL:* I do.

However, the court reporter later amended the transcript. The amended transcript provided that the trial court's clerk administered the following oath to the jury before trial:

> *THE CLERK:* Do you solemnly swear or affirm that you will well and truly try in true deliverance make between the People of the State of Michigan and the Defendant at the bar, whom you shall have in charge according to the evidence and laws of this state, so help you God?
>
> *JURY PANEL:* I do.

We remanded the case to the trial court for an evidentiary hearing to determine which oath was read to the jury.[1] At the evidentiary hearing, the court reporter from defendant's trial testified that after learning there may be a mistake in the original transcript, she listened to an audio recording that she had made of defendant's trial, and also consulted notes she had taken. She determined that the original transcript was incorrect, and issued the amended transcript. While the audio recording on which the court reporter relied could not be located at the time of the evidentiary hearing, the trial court found that the court reporter's testimony was credible, and that the amended transcript correctly transcribed the oath given to the jury. Based on the record, the trial court did not clearly err in that determination. See MCR 2.613(C); *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002) (findings of fact are reviewed for clear error).[2]

---

[1] *People v Banbury*, unpublished order of the Court of Appeals, entered April 28, 2015 (Docket No. 319058).

[2] In his supplemental brief on appeal, defendant relies heavily on the court reporter's testimony that the original transcription error likely occurred when she inserted boiler plate language into the transcript of the jury oath given before voir dire, as opposed to the jury oath given before

The oath administered, as provided in the amended transcript, complied with MCL 768.14, and substantially complied with MCR 2.511. Accordingly, we conclude that no error occurred, and defendant is not entitled to a new trial.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood

---

trial. According to the court reporter, the inclusion of such boiler plate language is a function used in computer aided transcription. We disagree with defendant that this testimony establishes error. First, the testimony related to how the error initially occurred. The court reporter clearly testified that she corrected the transcript based on the audio recording and her notes, and did not rely on the boiler plate language. Further, the court reporter did not testify, as defendant presumes, that the boiler plate language was used without alteration. It is just as likely that a court reporter would use this function to quickly include the standard jury oath, and make changes as necessary. Accordingly, we are not convinced that this testimony establishes clear or plain error in the lower court proceedings.