# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MARK DILLARD,

Defendant-Appellant.

UNPUBLISHED
August 17, 2017

No. 332340
Wayne Circuit Court
LC No. 15-008785-01-FC

Before: SAAD, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

The jury convicted defendant of alternative counts of felony murder, MCL 750.316, and second-degree murder, MCL 750.317. Defendant was also convicted of armed robbery, MCL 750.529, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court merged defendant's murder convictions for the purpose of sentencing and sentenced defendant to natural life imprisonment for the felony murder conviction, 18 to 40 years' imprisonment for the armed robbery conviction, and two years' imprisonment for the felony-firearm conviction. We affirm.

This case arises from the death of Anthony Northern, who was shot and killed inside his green Lincoln Navigator at around 11:00 a.m. on September 24, 2015.

## I. NEW TRIAL BASED ON FAILURE TO RAISE SELF-DEFENSE AT TRIAL

Defendant contends on appeal that he should be granted a new trial because if he had asserted self-defense at trial, he might have been acquitted. It is important to highlight that defendant does not challenge any particular ruling by the trial court for this issue. Instead, he merely asks this Court to remand to the trial court, where defendant could then move the trial court for a new trial on this ground. We have already denied defendant's motion for a remand. *People v Dillard*, unpublished order of the Court of Appeals, entered December 21, 2016 (Docket No. 332340). Thus, there is nothing for this appellate Court to *review*.

Moreover, if we were to decide the issue on the merits, i.e., whether a new trial is warranted, we would find that the record conclusively shows that defendant is not entitled to a

-1-

new trial. While relying on MCR 6.431(B),[1] defendant avers that if he had raised self-defense at the trial court, the jury might have acquitted him of murder. But defendant waived that defense at the trial court and therefore waived our review of the issue. Waiver is defined as "the intentional relinquishment or abandonment of a known right." *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (quotation marks and citation omitted). "A defendant who waives a right extinguishes the underlying error and may not seek appellate review of a claimed violation of that right." *People v Vaughn*, 491 Mich 642, 663; 821 NW2d 288 (2012) (citations omitted).

On appeal, defendant acknowledges that he "essentially caused this situation" when he directed his trial counsel to not pursue a self-defense strategy. And the record confirms this. Before voir dire commenced, defendant's trial counsel addressed the trial court. Defendant's trial counsel had planned on pursuing a self-defense strategy during trial, but on that day, defendant informed his counsel that he "no longer wish[ed] to go forward with any type of self-defense claim," and as a result, defendant's trial counsel felt he was "a little hamstrung." In response, the trial court agreed to adjourn to allow counsel time to prepare a new defense. Accordingly, it is abundantly clear that defendant intentionally chose to forego any claim of self-defense at trial, and he cannot now, on appeal, use that decision as a basis for a new trial. See *Blazer Foods, Inc v Restaurant Props, Inc*, 259 Mich App 241, 252; 673 NW2d (2003) ("A party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court." (quotation marks and citation omitted)).

## II. JURY INSTRUCTIONS

Defendant argues that the trial court abused its discretion when it refused to instruct the jury on the lesser offense of voluntary manslaughter and the affirmative defense of self-defense. Defendant also argues that the trial court erred when it failed to instruct the jury with M Crim JI 4.5 (Prior Inconsistent Statement Used to Impeach Witness) regarding the prior inconsistent statements of Latrisha Ward, defendant's former girlfriend, and M Crim JI 4.1 (Defendant's Statements as Evidence Against Defendant) for the statements that were attributed to defendant during trial. We disagree.

Generally, an issue is preserved for appellate review when it is raised before and addressed and decided by a trial court. *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). During trial, defendant's trial counsel requested that the trial court instruct the jury on voluntary manslaughter and self-defense. Therefore, these issues have been preserved. However, during trial, defendant did not request that the jury instructions incorporate M Crim JI 4.1 or M Crim JI 4.5 during trial. Therefore, with respect to these claims of instructional error, they are unpreserved.

---

[1] MCR 6.341(B) provides, in pertinent part, "On the defendant's motion, the court may order a new trial on any ground that would support appellate reversal of the conviction or because it believes that the verdict has resulted in a miscarriage of justice."

## A. PRESERVED INSTRUCTIONAL ISSUES

"Claims of instructional error are generally reviewed de novo by this Court, but the trial court's determination that a jury instruction is applicable to the facts of the case is reviewed for an abuse of discretion." *People v Henderson*, 306 Mich App 1, 3; 854 NW2d 234 (2014), citing *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007). "The defendant bears the burden of establishing that the asserted instructional error resulted in a miscarriage of justice." *People v Dupree*, 486 Mich 693, 702; 788 NW2d 399 (2010), citing *People v Lukity*, 460 Mich 484, 493-494; 596 NW2d 607 (1999). A miscarriage of justice occurs when "it is more probable than not that a different outcome would have resulted without the error." *Lukity*, 460 Mich at 495.

"When this Court reviews jury instructions for reversible error, we consider the instructions as a whole." *People v Richardson*, 490 Mich 115; 803 NW2d 302 (2011), citing *People v Kelly*, 423 Mich 261, 270-272; 378 NW2d 365 (1985). " 'A criminal defendant is entitled to have a properly instructed jury consider the evidence against him.' " *People v Armstrong*, 305 Mich App 230, 239; 851 NW2d 856 (2014), quoting *People v Riddle*, 467 Mich 116, 124; 649 NW2d 30 (2002). "The jury instructions must include all elements of the crime charged, and must not exclude from jury consideration material issues, defenses or theories if there is evidence to support them." *Id.* at 240 (quotation marks and citation omitted). "The trial court may issue an instruction to the jury if a rational view of the evidence supports the instruction." *Id.*, citing MCL 768.29 and *Riddle*, 467 Mich at 124. "Even if somewhat imperfect, instructions do not create error if they fairly present to the jury the issues tried and sufficiently protect the defendant's rights." *People v Bartlett*, 231 Mich App 139, 143-144; 585 NW2d 341 (1998) (citations omitted).

Defendant contends that the trial court erred when it declined to instruct the jury on the lesser offense of voluntary manslaughter, pursuant to M Crim JI 16.9 (Voluntary Manslaughter as a Lesser Included Offense of Murder). Defendant's contention is without merit. "[A] requested instruction on a necessarily included lesser offense is proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." *People v Cornell*, 466 Mich 335, 357; 646 NW2d 127 (2002). " '[T]he elements of voluntary manslaughter are included in murder, with murder possessing the single additional element of malice.' " *People v Reese*, 491 Mich 127, 144; 815 NW2d 85 (2012), citing *People v Mendoza*, 468 Mich 527, 540; 664 NW2d 685 (2003). As such, "to show voluntary manslaughter, one must show that the defendant killed in the heat of passion, the passion was caused by adequate provocation, and there was not a lapse of time during which a reasonable person could control his passions." *Mendoza*, 468 Mich at 535. " 'The provocation necessary to mitigate a homicide from murder to manslaughter is that which causes the defendant to act out of passion rather than reason'; that is, adequate provocation is 'that which would cause the reasonable person to lose control.' " *People v Roper*, 286 Mich App 77, 87; 777 NW2d 483 (2009), quoting *People v Pouncey*, 437 Mich 382, 389; 471 NW2d 346 (1991).

Defendant contends that the trial court should have instructed the jury on the lesser offense of voluntary manslaughter based on two pieces of evidence presented at trial: (1) a recording of a 911 call, placed at 10:43 a.m. on September 24, 2015, where the caller stated that "it looked like someone was fighting in the car," and (2) Ward's testimony that defendant called

her on September 24, 2015, after the incident with Northern, and that defendant spoke quickly and said, "I had to do it," during their conversation. Defendant does not explain how a rational view of these two pieces of evidence demonstrates that defendant's killing of Northern was the result of adequate provocation. Assuming Northern and defendant fought prior to Northern's death, that fact alone would not establish adequate provocation, as there was no evidence that defendant was acting in the heat of passion during the fight or during Northern's killing. Nor would defendant's statement to Ward that he "had to do it" establish adequate provocation. Therefore, the trial court did not err when it refused to instruct the jury on the lesser offense of voluntary manslaughter.

Defendant also claims that the trial court erred when it failed to instruct the jury on the affirmative defense of self-defense.[2] "A defendant asserting an affirmative defense must produce some evidence on all elements of the defense before the trial court is required to instruct the jury regarding the affirmative defense." *People v Crawford*, 232 Mich App 608, 620; 591 NW2d 669 (1998), citing *People v Lemons*, 454 Mich 234, 248; 562 NW2d 447 (1997). MCL 780.972 governs whether a defendant may raise a claim of self-defense, and it provides, in relevant part:

> (1) An individual who has not or is not engaged in the commission of a crime at the time he or she uses deadly force may use deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if either of the following applies:
>
> (a) The individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent death of or imminent great bodily harm to himself or herself or to another individual.
>
> (b) The individual honestly and reasonably believes that the use of deadly force is necessary to prevent the imminent sexual assault of himself or herself or of another individual.
>
> (2) An individual who has not or is not engaged in the commission of a crime at the time he or she uses force other than deadly force may use force other than deadly force against another individual anywhere he or she has the legal right to be with no duty to retreat if he or she honestly and reasonably believes that the use of that force is necessary to defend himself or herself or another individual from the imminent unlawful use of force by another individual.

Defendant's contends that five pieces of evidence supported his request to instruct the jury on self-defense: (1) there was no evidence that defendant and Northern interacted prior to September 24, 2015, (2) Northern's blood alcohol content was .25, (3) the abrasions on

---

[2] To be clear, although defendant stated at the beginning of trial that he did not want to pursue the defense of self-defense, defense counsel at the end of trial requested the instruction nonetheless because he thought the evidence yet supported the instruction.

Northern's hands, (4) the aforementioned 911 call where the caller said that "it looked like someone was fighting in the car," and (5) Demario's testimony that Northern's pistol was usually concealed in the center console of Northern's vehicle when Northern drove with a passenger. Defendant also relies on an affidavit attached to his brief on appeal, wherein he asserts that he acted in self-defense; however, defendant's affidavit is not properly within the record on appeal, and therefore will not be considered. See *People v Seals*, 285 Mich App 1, 20-21; 776 NW2d 314 (2009).

Defendant does not provide any explanation as to how the evidence he has identified from the trial court record establishes the elements of self-defense. Regardless, defendant's contention is unavailing. The fact that there was no evidence that Northern and defendant had not interacted with one another until September 24, 2015, has no bearing on whether defendant killed Northern in self-defense. Even if defendant and Northern were strangers to one another prior to September 24, 2015, defendant fails to explain how this demonstrates that he believed that he had to use deadly force to prevent imminent death, great bodily harm, or sexual assault. Similarly, Demario's testimony that Northern stored his revolver in the center console of his vehicle does not pertain to any of the elements of self-defense. And while Northern's blood alcohol content at the time of his death was high, defendant does not explicate as to how that fact relates to the elements of self-defense.

While not expressly stated by defendant on appeal, defendant seems to contend that the 911 caller's statement that someone was fighting in the Navigator, along with the two fresh abrasions on Northern's right hand, indicated that defendant and Northern fought prior to Northern's death. The 911 caller stated that "it looked like someone was fighting in the car." The abrasions on Northern's hands "were fresh wounds," and the medical examiner confirmed that Northern sustained these injuries within 24 hours of his death. Defendant cites to *People v Hoskins*, 403 Mich 95, 100; 267 NW2d 417 (1978), where the Michigan Supreme Court held that a jury's instructions should include an instruction under self-defense where there was evidence that the victim was shot after a potentially violent situation where the victim was acting aggressively towards the defendant in that case. However, assuming defendant and Northern fought in the Navigator prior to Northern's death, defendant has failed to demonstrate that he believed that he had to use deadly force to prevent imminent death, great bodily harm, or sexual assault. Plus, the fact there was a fight does not mean that defendant was not the aggressor in the confrontation. See *Riddle*, 467 Mich at 120 n 8 (stating that the aggressor in a confrontation "is generally not entitled to use deadly force in self-defense"). And when considering the abrasions on Northern's right hand, the evidence only indicates that Northern's hand may have been injured within 24 hours of Northern's death, and nothing more. As a result, unlike in *Hoskins*, there was no evidence that Northern acted aggressively toward defendant prior to Northern's death; therefore, the trial court did not abuse its discretion when it refused to include an instruction on self-defense in the jury instructions.

## B. UNPRESERVED INSTRUCTIONAL ISSUES

Defendant also contends that the trial court erred when it failed to instruct the jury regarding Ward's prior inconsistent statements and the statements that were attributed to defendant during trial. We disagree.

Defendant suggests that the trial court should have included M Crim JI 4.5 in the jury instructions because the prosecution impeached Ward's testimony by presenting prior inconsistent statements Ward made during an interview conducted by Sergeant Steven Ford. Additionally, defendant also contends that M Crim JI 4.1 would have also clarified for the jury that it needed to first determine whether defendant made the out-of-court statements that were attributed to him during trial.

Normally, we review unpreserved issues of instructional error for plain error affecting defendant's substantial rights. *People v Aldrich*, 246 Mich App 101, 124-125; 631 NW2d 67 (2001). However, defendant has waived appellate review of these issues. "When defense counsel clearly expresses satisfaction with a trial court's decision, counsel's action will be deemed to constitute a waiver." *Kowalski*, 489 Mich at 503, citing *People v Carter*, 462 Mich 206, 219; 612 NW2d 144 (2000). During trial, after the trial court finished reading the jury instructions, the trial court asked the parties if they were satisfied with the instructions "as given." Defendant's trial counsel replied that he was satisfied with the instructions, save for his prior objections, which related to the request for a self-defense instruction and the request for a voluntary manslaughter instruction. Therefore, defendant's waiver has extinguished any error, and there is nothing to review. *Vaughn*, 491 Mich at 663.

Defendant similarly contends that the trial court erred when it failed to instruct the jury with M Crim JI 4.5 after the jury asked to see the recording/transcript of Ward's interview with Sergeant Ford during its deliberations. However, during trial, before the trial court responded to the jury's request and its other questions, the trial court overviewed its planned response to the jury with the parties. The trial court informed the parties that it planned on instructing the jury that Ward's interview was only used to impeach Ward, and it was not introduced as substantive evidence. The trial court also intended to remind the jury that the trial court had previously alerted it that the recording of Ward's interview would not be available in the jury, and that it would instruct the jurors to rely on their collective memories of the interview. The trial court then asked the parties, "Is that an approach everyone agrees with?" Defendant's trial counsel replied, "Yeah. Absolutely, Your Honor." Therefore, defendant has also waived appellate review his claim of instructional error related to the trial court's response to the jury's request. See *Kowalski*, 489 Mich at 503.

Affirmed.

/s/ Henry William Saad
/s/ Deborah A. Servitto
/s/ Michael F. Gadola