*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
March 12, 2019

v

KELLY WAYNE JOHNSON,

Defendant-Appellant.

No. 343508
Shiawassee Circuit Court
LC No. 15-008001-FH

Before: METER, P.J., and SERVITTO and REDFORD, JJ.

PER CURIAM.

Defendant, Kelly Wayne Johnson, pleaded guilty, pursuant to a *Cobbs*[1] agreement, to operating while intoxicated, third offense (OWI-III), MCL 257.625, and the trial court sentenced him to jail time served[2] and 12 months of probation. Defendant soon violated the terms of his probation and the trial court entered an amended judgment of sentence, imposing a prison sentence of two to five years for defendant's OWI-III conviction.[3] Defendant appeals by delayed leave granted,[4] challenging the trial court's imposition of a prison sentence and its subsequent denial of his "Motion to Correct an Invalid Sentence." We affirm.

Defendant filed his "Motion to Correct an Invalid Sentence"[5] on August 10, 2017. Defendant, citing MCL 257.625(9)(c)(*i*) and (*ii*), stated that OWI-III is punishable by either

---

[1] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

[2] Defendant was incarcerated in jail for 478 days before entry of his plea.

[3] The amended judgment of sentence reflected a credit for 482 days served.

[4] *People v Johnson*, unpublished order of the Court of Appeals, entered June 1, 2018 (Docket No. 343508).

[5] MCR 6.429(A) states:

"imprisonment of not less than one year or more than five years" or "30 days to one year in jail and probation." Defendant argued that the trial court's sentence of 24 to 60 months in prison was "invalid" because the trial court could have sentenced him to more than one year of incarceration or to a term of probation, but could not do both. He argued that the trial court, by sentencing him "under [MCL 257.625(9)(c)(*ii*)], then resentencing him under [MCL 257.625(9)(c)(*i*)], . . . rendered nugatory the intent of the separate penalties." Defendant contended that when the trial court revoked probation, "its only option for incarceration was to remand [defendant] to the county jail." He then argued that he had already satisfied a jail sentence and needed to be released immediately. The trial court disagreed and upheld the prison sentence.

On appeal, defendant reiterates the statutory-interpretation argument made in his sentencing motion. We review this issue de novo. *People v Gardner*, 482 Mich 41, 46; 753 NW2d 78 (2008). We conclude that the trial court did not err in its interpretation of MCL 257.625(9)(c), but instead properly applied it in conjunction with MCL 771.4. [6]

MCL 257.625(9)(c) states that OWI-III is punishable by "either of the following:"

>    (*i*) Imprisonment under the jurisdiction of the department of corrections for not less than 1 year or more than 5 years.

>    (*ii*) Probation with imprisonment in the county jail for not less than 30 days or more than 1 year and community service for not less than 60 days or more than 180 days. Not less than 48 hours of the imprisonment imposed under this subparagraph must be served consecutively.

Defendant contends that the trial court's initial sentence (478 days in jail, with credit for 478 days served, plus probation) was, for all intents and purposes, a sentence under subparagraph

---

>    The court may correct an invalid sentence, on its own initiative after giving the parties an opportunity to be heard, or on motion by either party. But the court may not modify a valid sentence after it has been imposed except as provided by law. Any correction of an invalid sentence on the court's own initiative must occur within 6 months of the entry of the judgment of conviction and sentence.

[6] At the hearing on defendant's motion to correct his sentence, the prosecutor stated that he had not filed a response because he agreed with the defense. Despite this agreement, the trial court upheld defendant's sentence. The prosecution did not file a brief on appeal and defendant argues that the prosecution has acquiesced to the error. Nonetheless, even assuming that the prosecution has so acquiesced, we are not bound by the parties' legal interpretations. *People v Metamora Water Service, Inc*, 276 Mich App 376, 385; 741 NW2d 61 (2007).

(*ii*).[7] Defendant contends that the trial court erred by later sentencing him to two to five years of imprisonment under subparagraph (*i*).

The trial court relied on MCL 771.4 in upholding the two-to-five-year sentence. MCL771.4 states:

> It is the intent of the legislature that the granting of probation is a matter of grace conferring no vested right to its continuance. . . . All probation orders are revocable in any manner the court that imposed probation considers applicable either for a violation or attempted violation of a probation condition or for any other type of antisocial conduct or action on the probationer's part for which the court determines that revocation is proper in the public interest. Hearings on the revocation shall be summary and informal and not subject to the rules of evidence or of pleadings applicable in criminal trials. In its probation order or by general rule, the court may provide for the apprehension, detention, and confinement of a probationer accused of violating a probation condition or conduct inconsistent with the public good. The method of hearing and presentation of charges are within the court's discretion, except that the probationer is entitled to a written copy of the charges constituting the claim that he or she violated probation and to a probation revocation hearing. The court may investigate and enter a disposition of the probationer as the court determines best serves the public interest. If a probation order is revoked, the court may sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made.

The trial court acted appropriately by relying on MCL 771.4 to uphold the prison sentence. Indeed, defendant does not dispute on appeal that he violated his probation and that, as a consequence, the trial court rightfully revoked his probation. This revocation triggered the final clause of MCL 771.4: "the court may sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made." If the probation order had never been made, the trial court would have been allowed, under MCL 257.625(9)(c), to sentence defendant to a prison term of between one and five years.[8] Unambiguous statutory language is to be enforced as written, *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999), and this is what the trial court did—it enforced MCL 257.625(9)(c) and MCL 771.4 as written.

---

[7] Defendant acknowledges that the 478-day jail term exceeded the 365-day limit in subparagraph (*ii*), but argues that this sentence was simply a matter of expediency because defendant had already spent 478 days in jail. Accordingly, defendant does not appear to argue on appeal that his original sentence violated the dichotomy set forth in MCL 257.625(9)(c). Rather, defendant's only argument is that, *after* sentencing him to a sentence under subparagraph (*ii*), the trial court could not revoke that sentence and impose a sentence under subparagraph (*i*).

[8] It is significant to note that defendant does *not* make any argument on appeal about any possible violation of the *Cobbs* agreement.

In an attempt to circumvent the language of MCL 771.4, defendant states:

> Because the trial court lacked the authority to sentence Mr. Johnson to jail and MDOC custody at its initial sentencing, it did not have the authority under MCL 771.4 to sentence him to MDOC custody upon revoking his probation since it had already sentenced him to jail.

The flaw in defendant's argument is that the trial court in this case did not sentence defendant to *simultaneously* serve (1) a jail-and-probationary term and (2) a prison term. The trial court, following MCL 257.625(9)(c), made its "either/or" choice and sentenced defendant on February 3, 2017, to jail and probation. After the probation violation, the trial court, following MCL 771.4, again made its "either/or" choice under MCL 257.625(9)(c) and this time chose to impose a prison term.

Defendant argues that "MCL 257.625(9)(c) is fairly unique in that it requires either probation and jail or a prison sentence." In contrast, defendant argues, "[n]early all . . . Michigan felonies that call for intermediate sentences simply specify the maximum term of imprisonment authorized," and under such statutes the trial court "has the authority to sentence a defendant to a jail term and probation, and then sentence him to a term of imprisonment in . . . MDOC custody if it revokes his probation." Nevertheless, that MCL 257.625(9)(c) explicitly spells out the trial court's "either/or" choice does not somehow vitiate the pertinent rule of MCL 771.4, which is that the trial court could, following the probation violation, sentence defendant "in the same manner and to the same penalty as the trial court might have done if the probation order had never been made." The trial court, quite simply, followed the statutory law.

For his second issue on appeal, defendant contends that the prison sentence violated double-jeopardy protections. We review this unpreserved claim of constitutional error for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). The United States Constitution and the Michigan Constitution both provide protections against double jeopardy. US Const, Am V; Const 1963, art 1, § 15. One of these double-jeopardy protections is the protection against multiple punishments for the same offense. *People v Nutt*, 469 Mich 565, 574; 677 NW2d 1 (2004).

Defendant correctly notes that in *People v Miller*, 498 Mich 13, 17-18; 869 NW2d 204 (2015), the Michigan Supreme Court stated that "[t]he multiple punishments strand of double jeopardy is designed to ensure that courts confine their sentences to the limits established by the Legislature and therefore acts as a restraint on the prosecutor and the Courts." (Internal citation and quotation marks omitted.) Defendant then reiterates his prior argument and contends that MCL 257.625(9)(c) authorized only a sentence of (1) time in jail, plus probation or (2) time in prison, and that the trial court erred by sentencing defendant to both. As discussed, however, the trial court properly followed MCL 771.4 by sentencing defendant, after his probation violation, to the "same penalty as the court might have done if the probation order had never been made." Contrary to defendant's argument, the trial court did indeed confine its sentence to the limits established by the Legislature. *Miller*, 498 Mich at 17-18.

Affirmed.

/s/ Patrick M. Meter
/s/ Deborah A. Servitto
/s/ James Robert Redford