*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTHONY JOSEPH GELIA,

        Defendant-Appellant.

UNPUBLISHED
October 5, 2023

No. 344130
Jackson Circuit Court
LC No. 16-005361-FC

Before: CAMERON, P.J., and SHAPIRO and SWARTZLE, JJ.

PER CURIAM.

## ON REMAND

Defendant was 19 years old when he murdered a young mother. In Part II.B of our prior opinion, we considered defendant's unpreserved claim that his mandatory sentence of life in prison without the possibility of parole (LWOP) violated due process, the federal prohibition against cruel and unusual punishment, and the state prohibition against cruel or unusual punishment. We held that defendant had "not demonstrated entitlement to relief on this issue," and we declined "to accept [his] invitation to extend the holding in *Miller* [*v Alabama*, 567 US 460, 465; 132 S Ct 2455; 183 L Ed 2d 407 (2012)]," to 19-year-olds. *People v Gelia*, unpublished per curiam opinion of the Court of Appeals, issued Jan. 21, 2020 (Docket No. 344130), slip op at 8.

This matter returns to us on remand from our Supreme Court with directions to reconsider Part II.B "in light of *People v Parks*, 510 Mich 225; 987 NW2d 161 (2022)." *People v Gelia*, 984 NW2d 185 (Mich, 2023). In *Parks*, our Supreme Court recognized that the federal Supreme Court had foreclosed extending *Miller* to those who committed their crimes when they were 18 years of age or older. *Parks*, 510 Mich at 247. A majority of the *Parks* Court went further, however, and granted relief under our state Constitution to those defendants who commit certain crimes (e.g., murder) when they were 18 years of age, essentially treating those defendants as juveniles for purpose of our state's mandatory-sentencing scheme. Specifically, the Court held: "We hold that this [proportionality] test, overall, compels the conclusion that mandatorily subjecting 18-year-old defendants to life in prison, without first considering the attributes of youth, is unusually excessive

-1-

imprisonment and thus a disproportionate sentence that constitutes 'cruel or unusual punishment' under Const 1963, art 1, § 16." *Id.* at 255.

At the same time, the Court took pains to limit its holding to those who were 18 years of age when they committed their crimes, see, e.g., *id.* at 232, 244-245, 255, 266-268, and it left in place its earlier holding in *People v Hall*, 396 Mich 650; 242 NW2d 377 (1976), where the Court had held that mandatory LWOP did not constitute cruel or unusual punishment, *Parks*, 510 Mich at 255 n 9. In the words of the *Parks* majority, "our opinion today does not affect *Hall*'s holding as to those older than 18." *Id.* Taken together, the *Parks* Court effectively redrew the statutory line separating youths and adults from "17 v 18" years of age to "18 v 19" years of age, at least for purposes of mandatory LWOP sentences.

In this case, defendant was 19 years old when he murdered the victim. Thus, the holding of *Parks* does not justify or permit this Court to ignore *Hall*, as a panel of this Court has already recognized in a recent published opinion. *People v Adamowicz*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 330612), slip op at 4 (noting that "*Parks* recognized *Hall* as still controlling for those over the age of 18, which include[d]" the defendant in that case). Although one could certainly read the *analysis* of *Parks* to reach those defendants who were 19 years of age or older when they committed murder or other serious offense and, as a result, received a mandatory LWOP sentence, lower courts are bound to follow the *holdings* of the Supreme Court and cannot "anticipatorily ignore" binding precedent. *Assoc Builders & Contractors v Lansing*, 499 Mich 177, 191-192; 880 NW2d 765 (2016). And here, *Hall* remains good law, except as modified by *Parks* with respect to 18-year-olds.

Given this, assuming arguendo that this panel applied the same proportionality analysis to defendant that the *Parks* majority applied to the defendant in that case, and further assuming arguendo that this panel arrived at a conclusion similar to that of the *Parks* majority, this panel would still be without authority to provide defendant any relief, given the binding precedent of *Hall* as-applied to those like defendant who committed murder when they were 19-years-old or older. Thus, any review by this panel of the proportionality of defendant's LWOP sentence would be an exercise in futility and *obiter dictum*, given our Supreme Court's explicit recognition in *Parks* of the continuing viability of *Hall* to 19-year-olds and older. *Parks*, 510 Mich at 522 n 9. "It is the duty of the Supreme Court to overrule or modify caselaw if and when it becomes obsolete, and the Court of Appeals and the lower courts are bound by the precedent established by the Supreme Court until it takes such action." *People v Metamora Water Serv, Inc*, 276 Mich App 376, 387-388; 741 NW2d 61 (2007).

Accordingly, having reconsidered Part II.B of our earlier opinion in light of *Parks*, including the *Parks* majority's express limitation of its holding to 18-year-olds, we again affirm.

/s/ Thomas C. Cameron
/s/ Douglas B. Shapiro
/s/ Brock A. Swartzle